NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4963-13T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JAMES W. FRENCH, a/k/a
JAMES WILLIAMS FRENCH,

    Defendant-Respondent.

| APPROVED FOR PUBLICATION |
| :---: |
| **August 25, 2014** |
| **APPELLATE DIVISION** |

_____

Argued August 13, 2014 — Decided August 25, 2014

Before Judges Fuentes, Messano and Koblitz.

On appeal from Superior Court of New Jersey, Law Division, Warren County, Accusation No. 14-04-00115.

Kelly Anne Shelton, Assistant Prosecutor, argued the cause for appellant (Richard T. Burke, Warren County Prosecutor, attorney; Ms. Shelton, of counsel and on the brief).

Michele E. Friedman, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Ms. Friedman, of counsel and on the brief).

Carol M. Henderson, Assistant Attorney General, argued the cause for amicus curiae State of New Jersey (John J. Hoffman, Acting Attorney General, attorney; Ms. Henderson, of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

The State appeals from what it views as the illegal sentence of ninety days in jail followed by ninety days in an inpatient drug rehabilitation program imposed for the fourth-degree crime of operating a motor vehicle during a period of license suspension for multiple convictions of driving while intoxicated (DWI). N.J.S.A. 2C:40-26(b). Defendant James W. French argues that an inpatient drug program satisfies the statute because the program is custodial in nature and the legislative scheme is intended to foster substance abuse rehabilitation as well as punishment. The State argues that the statutory sentencing framework of Title 2C requires a mandatory 180-day sentence in jail without parole, which cannot be satisfied by service in an inpatient rehabilitation program. We agree with the State that the sentence is illegal and, therefore, reverse and remand for resentencing.

Defendant pled guilty to an accusation charging the crime of driving while his license was suspended after multiple drunk driving convictions at the same time that he pled guilty to

driving while intoxicated, <u>N.J.S.A.</u> 39:4-50.[1] We discern from the record that defendant has a total of nine prior drunk-driving convictions, six in New Jersey and three in South Carolina. He has five prior convictions in New Jersey for driving during a period of license suspension. Pursuant to a plea agreement, the State agreed to recommend concurrent sentencing with 180 days of incarceration and no probation. The judge sentenced defendant to concurrent 180-day terms, ordering that he could serve the final 90 days in an inpatient rehabilitation program. She ordered that if he was not admitted to a program or did not complete the program, which had to be at least 90 days long, he would have to serve the full 180 days in jail. The judge also imposed an additional ten-year license suspension as well as the other mandatory penalties. We granted the State's application for an emergent appeal.

An illegal sentence may be corrected at any time before it is completed. <u>R.</u> 2:10-3; <u>State v. Schubert</u>, 212 <u>N.J.</u> 295, 309-10 (2012). Parties may not negotiate an illegal sentence, <u>State v. Smith</u>, 372 <u>N.J. Super.</u> 539, 542 (App. Div. 2004), <u>certif. denied</u>, 182 <u>N.J.</u> 428 (2005), and a defendant may not accept one

---

[1] He also pled guilty to driving with a broken brake light, <u>N.J.S.A.</u> 39:3-66. He was stopped for erratic driving and the faulty driver's-side brake light.

as part of a plea agreement, State v. Nemeth, 214 N.J. Super. 324, 327 (App. Div. 1986).

In 2009 the Legislature passed a statute, effective August 2011,[2] that criminalized the offense of driving with a suspended license that had been suspended after more than one DWI conviction. N.J.S.A. 2C:40-26 provides in pertinent part:

> b.  It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension . . . if the actor's license was suspended or revoked for a second or subsequent violation of [DWI] or [refusal to submit to a chemical test for intoxication].  A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.
>
> c.  Notwithstanding the term of imprisonment provided under N.J.S.A. 2C:43-6 [providing for a maximum custodial sentence of eighteen months] and the provisions of subsection e. of N.J.S.A. 2C:44-1 [the presumption of non-imprisonment for a first offender convicted of a fourth-degree crime], if a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole.

Defendant pled guilty to a violation of N.J.S.A. 2C:40-26(b). Although defendant happened to be driving drunk when he was

---

[2] The effective date of the statute was delayed eighteen months to give the Motor Vehicle Commission an opportunity to "take any anticipatory administrative action prior to the effective date necessary for its timely implementation." L. 2009, c. 333, §2.

A-4963-13T1

arrested, intoxication is not an element of this fourth-degree crime.

N.J.S.A. 2C:40-26(c) requires the imposition of a mandatory minimum period of incarceration of 180 days during which the defendant is not subject to parole. "In making such conduct a fourth-degree crime, the Legislature stiffened the sanction for driving with a license suspended or revoked due to multiple prior DWI or refusal convictions." State v. Carrigan, 428 N.J. Super. 609, 613 (App. Div.), certif. denied, 213 N.J. 539 (2013). Because the Legislature placed this offense within the criminal code, upgrading a motor vehicle violation to a crime, we must review the sentence imposed pursuant to the provisions of Title 2C and not those of Title 39, which governs motor vehicle offenses.

Title 39 permits the judge in a third or subsequent DWI sentence to suspend the last half of the required 180-day term of imprisonment to allow the defendant to enter a "drug or alcohol inpatient rehabilitation program[.]" N.J.S.A. 39:4-50(a)(3). The prior Title 39 sanctions for driving during a period of license suspension after multiple DWI convictions included a mandatory jail term of between ten and ninety days. N.J.S.A. 39:3-40(f)(2). No suspension of the jail sentence to

enter a program was permitted for this offense even under Title 39.

We have stated when disapproving the use of commutation credits to reduce a thirty-year mandatory minimum sentence for a murder conviction that "[t]he use of the term 'not eligible for parole' in a sentencing statute unquestionably denotes a mandatory minimum sentence." Merola v. Dep't of Corr., 285 N.J. Super. 501, 507 (App. Div. 1995), certif. denied, 143 N.J. 519 (1996). Title 2C does not allow a judge sentencing discretion to impose a lesser period of incarceration when a mandatory minimum term is required, absent specific language to that effect. State v. Lopez, 395 N.J. Super. 98, 107-08 (App. Div.) (reversing the sentence of a defendant who received a kidnapping sentence of seven years' imprisonment with an eighty-five percent parole disqualifier, less than the statutorily required twenty-five year term without the possibility of parole, because "when the Legislature has enacted a mandatory minimum term for the commission of a crime, the 'courts have no power' to impose a sentence that, in length or form, is different from that plainly provided in the statute" (citing State v. Des Marets, 92 N.J. 62, 64-65 (1983)), certif. denied, 192 N.J. 596 (2007). In Des Marets, Chief Justice Wilentz opined:

> We do not pass on the wisdom of this legislation's mandatory . . . imprisonment

term or the wisdom of its imposition on the offenses covered. That is a matter solely for the Legislature to decide. Once the Legislature has made that decision, and has made it within constitutional bounds, our sole function is to carry it out. Judges have no business imposing their views of "enlightened" sentencing on society, including notions of discretionary, individualized treatment, when the Legislature has so clearly opted for mandatory prison terms for all offenders. It may be that the Legislature is more enlightened than the judges. Our clear obligation is to give full effect to the legislative intent, whether we agree or not.

[Des Marets, supra, 92 N.J. at 65-66 (footnote and citation omitted).]

Defendant argues that State v. Kyc, 261 N.J. Super. 104 (App. Div. 1992), certif. denied, 133 N.J. 436 (1993), inferentially permits a judge to sentence a defendant to an inpatient rehabilitation program in lieu of jail. In Kyc, however, we held only that a defendant who absconded from a "Pre-Parole Home Confinement Program" was still in the custody of the Department of Corrections and could therefore be charged with the crime of escape, N.J.S.A. 2C:29-5(a). Id. at 106-110. We did not hold that a judge may impose a sentence of an inpatient program when mandatory minimum incarceration is statutorily required.

We must interpret a statute based on its plain meaning. State v. Drury, 190 N.J. 197, 209 (2007). When the Legislature

intends an exception to a mandatory minimum sentence for a fourth-degree crime, specific language allows the judge to waive the parole disqualifier under the circumstances set forth in the exception. See N.J.S.A. 2C:43-6.5(c) (granting the court discretion under certain limited circumstances to waive or reduce the mandatory minimum term for a public employee convicted of certain crimes, including fourth-degree crimes for which a one-year mandatory minimum would ordinarily apply); see also N.J.S.A. 2C:35-14(b)(3) (permitting a sentence of "special probation" for persons convicted pursuant to N.J.S.A. 2C:35-7, of distribution or possession with intent to distribute drugs in a school zone, who would otherwise be subject to a mandatory minimum period of incarceration).

N.J.S.A. 2C:40-26(b) is not the only fourth-degree crime that requires, without exception, a mandatory minimum period of incarceration. Fourth-degree reckless endangerment, N.J.S.A. 2C:12-2(b)(2), requires a mandatory minimum term of imprisonment of not less than six months when the offense is committed by surreptitiously inducing a person to ingest poisonous or intoxicating food or drink.

Defendant was sentenced to an illegal sentence in two ways. First, and most significantly, no discretion exists in Title 2C to replace half of the mandatory 180 days of incarceration with

a non-jail rehabilitation program.  Second, a sentence to an inpatient rehabilitative program is not authorized by Title 2C except as a condition of probation.  N.J.S.A. 2C:45-1(b)(1)-(14) (listing the conditions of probation a judge may require of a defendant).

Reversed and remanded for resentencing.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION