NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3591-12T1
            A-4003-12T1
            A-5957-12T1
            A-6112-12T1
            A-0162-13T1
            A-1523-13T1

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

JOHN D. HARRIS, III, a/k/a
JOHN DANIEL HARRIS,

       Defendant-Respondent.

_____

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

SABRINA KING, a/k/a SABRINA J. KING,
CARTER KING SABRINA, KING SABRINA,
CARTER SABRINA, CARTER SABRINA J.,

       Defendant-Respondent.

_____

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

ROBERT M. KACZAK,

       Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**February 4, 2015**

**APPELLATE DIVISION**

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

KRISTIN L. MITCHELL, a/k/a
KRISTIN GOTWALD,

       Defendant-Respondent.

_____

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

WILLIAM HANGSTORFER, a/k/a
HANK T. HANGSTORFER, WILLIAM T.
HANGSTORFER, WILLIAM T. HANGSTORFER,

       Defendant-Respondent.

_____

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

v.

MANDI FILER,

       Defendant-Respondent.

_____

       Submitted January 27, 2015 — Decided February 4, 2015

       Before Judges Reisner, Koblitz and Haas.

       On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 12-07-1859, 12-09-2381, 12-10-2567, 12-07-1801, 13-01-0237, 12-08-2234 and 13-03-0984.

Mary Eva Colalillo, Camden County Prosecutor, attorney for appellant (Jason Magid, Assistant Prosecutor, of counsel and on the briefs).

Joseph E. Krakora, Public Defender, attorney for respondent John D. Harris, III (Marcia Blum, Assistant Deputy Public Defender, of counsel and on the briefs).

Zucker Steinberg & Wixted, P.A., attorneys for respondent Sabrina King (Jeffrey C. Zucker, of counsel and on the briefs; David W. Sufrin, on the briefs).

John A. Ferzetti, attorney for respondent Robert Kaczak.

Respondent Kristin L. Mitchell has not filed a brief.

Jacobs and Barbone, P.A., attorneys for respondent William Hangstorfer (Louis M. Barbone, on the briefs).

Joseph E. Krakora, Public Defender, attorney for respondent Mandi Filer (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the briefs).

The opinion of the court was delivered by

HAAS, J.A.D.

In these back-to-back appeals, consolidated for the purpose of this opinion, defendants John Harris, III, Robert Kaczak, Kristin Mitchell, William Hangstorfer, and Mandi Filer were convicted of the fourth-degree crime of operating a motor vehicle during a period of license suspension for multiple convictions of driving while intoxicated (DWI), N.J.S.A. 2C:40-

26b.  Defendant Sabrina King was convicted of two counts of the fourth-degree crime of operating a motor vehicle during a period of license suspension after having been previously convicted of driving while her license was suspended for a first DWI offense, N.J.S.A. 2C:40-26a.  The trial court sentenced each defendant to 180 days in a correctional facility, but ordered that the sentences be served in either a home detention or community service program instead of jail.[1]

The State appeals, arguing that the statutory sentencing framework of Title 2C requires a mandatory 180-day sentence in jail without parole for these offenses, which cannot be satisfied by service in either a home detention or community service program.  For the reasons set forth in our recent decision in State v. French, 437 N.J. Super. 333 (App. Div. 2014), we agree with the State that defendants' sentences are illegal and, therefore, reverse and remand for resentencing.

I.

We begin our analysis with a brief summary of the circumstances giving rise to each defendant's conviction.

---

[1] The court sentenced King to two consecutive 180-day terms, with each to be served in a home detention program rather than jail.

A.

Defendant John Harris, III pled guilty to a one-count indictment charging the crime of driving while his license was suspended after multiple DWI convictions in violation of N.J.S.A. 2C:40-26b. Pursuant to the plea agreement, the State recommended that the judge sentence Harris to 180 days in the county jail, and it objected to permitting Harris to serve that term in the "HEDS"[2] program. Nevertheless, the judge sentenced Harris to 180 days in jail, but ordered that defendant could serve that sentence in HEDS. The judge assessed appropriate fines and penalties, and dismissed several motor vehicle summonses. The judge also granted the State's motion for a stay of the sentence pending appeal.

B.

Defendant Robert Kaczak pled guilty to one count of violating N.J.S.A. 2C:40-26b. This was an "open plea," but the prosecutor represented that the State would seek a 180-day sentence to the county jail, and would oppose defendant's request that he be permitted to serve the sentence in an alternate program. The judge sentenced Kaczak to 180 days in

---

[2] "HEDS" refers to the county's "Home Electronic Detention System," which has been described to us as a home detention program, where the defendant wears an electronic device to monitor his or her location.

the county jail, but stated that he could serve the sentence in HEDS "if [he] qualifies and follows [the] rules of [the] program." The judge assessed appropriate fines and penalties, and granted the State's motion to stay the sentence pending appeal.

## C.

Defendant Kristin Mitchell pled guilty to one count of violating N.J.S.A. 2C:40-26b. Pursuant to a plea agreement, the State agreed to recommend a sentence of probation, plus 180 days in jail. The State advised defendant and the judge that it would oppose a sentence to an alternate program. The judge sentenced Mitchell to 180 days in the county jail to be served in HEDS, assessed appropriate fines and penalties in connection with this offense, and granted the State's motion to stay the sentence pending appeal.[3]

Mitchell also agreed to plead guilty to a motor vehicle summons charging her with a violation of driving while license suspended, N.J.S.A. 39:3-40. The prosecutor advised the judge that, in return for Mitchell's plea to this violation, the State would recommend that the judge impose a $500 fine, $33 in court costs, and a three-month license suspension to run concurrent to

---

[3] Mitchell's judgment of conviction incorrectly states that she was convicted of N.J.S.A. 2C:40-26a, instead of N.J.S.A. 2C:40-26b.

a suspension Mitchell was already serving in connection with an unrelated matter. The judge accepted this recommendation and sentenced Mitchell in accordance with the plea agreement. The judge also stayed this portion of Mitchell's sentence pending appeal.

D.

Defendant William Hangstorfer pled guilty to one count of violating N.J.S.A. 2C:40-26b. This was an "open plea," but the prosecutor represented that the State would recommend that the judge sentence Hangstorfer to probation, plus no more than the 180-day minimum period of incarceration required under N.J.S.A. 2C:40-26c. The State also made clear that it would object to the sentence being served in a "program" instead of the county jail.

The judge sentenced Hangstorfer to two years of probation and 180 days in jail. However, the judge ruled that Hangstorfer could serve his sentence in "[a]lternative programs, such as HED[S] or CSLS,[4] . . . if [he] qualifies and follows [the] rules of [the] program." The judge imposed appropriate fines and penalties, and dismissed several associated motor vehicle

---

[4] "CSLS" refers to the "County Supplemental Labor Service Program." Individuals in this program report to a central location each day and are then sent to work at various sites. They return home after the completion of their daily assignment.

summonses.  The judge granted the State's motion for a stay of the sentence pending appeal.

## E.

Defendant Mandi Filer pled guilty to one count of violating N.J.S.A. 2C:40-26b.  The State agreed to recommend a sentence of 180 days in the county jail and advised Filer and the judge that it would object to any sentence to a "program."  The judge sentenced Filer to 180 days in the county jail, "to be served in CSLS, weekends, if accepted."  The judge assessed appropriate fines and penalties.[5]  The judge granted the State's motion for a stay of the sentence pending appeal.

## F.

Defendant Sabrina King pled guilty to two separate one-count indictments, each charging her with a violation of N.J.S.A. 2C:4-26a.  Although the parties agreed that King's pending motor vehicle summonses would be remanded to the municipal court for disposition, this was an "open plea."  At sentencing, the State opposed King's request that she be permitted to serve her sentence in the HEDS program.  However, the judge granted that request and imposed consecutive 180-day

---

[5] Filer also pled guilty to several motor vehicle offenses, but the sentences she received for those offenses are not at issue on appeal.

terms in the county jail on each count, to be served in HEDS. The judge assessed appropriate fines and penalties.[6] The judge granted the State's motion to stay these sentences pending appeal. The judge also stated that, if the sentences were later determined to be illegal, he would likely modify them so that King's 180-day jail terms on each count would run concurrently, rather than consecutively, to each other.

When King filed her appellate brief in this matter, she claimed that, in spite of the stay of the sentence pending appeal, "she is presently serving her sentence pursuant to the terms of" the HEDS program. The State investigated this claim and discovered that, without the prosecutor's knowledge, the county department of corrections had permitted King to complete her sentence on the first of her two convictions as a participant in HEDS. The department advised the prosecutor that it was not aware of the judge's order staying the sentences, or the fact that King had been sentenced to two consecutive 180-day terms. According to the State, King has not participated in HEDS for the second of her two convictions.

---

[6] One of the two judgments of conviction incorrectly states that King pled guilty to N.J.S.A. 2C:40-26b, rather than N.J.S.A. 2C:40-26a.

II.

Citing our decision in <u>French</u>, <u>supra</u>, the State argues that defendants' sentences to either the HEDS or CSLS programs were illegal. We agree.

<u>N.J.S.A.</u> 2C:40-26 provides:

> a. It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension . . . if the actor's license was suspended or revoked for a first violation of [DWI] or [refusal to submit to a chemical test for intoxication,] . . . and the actor had previously been convicted of [driving while license suspended] while under suspension for that first [DWI] offense. A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.
>
> b. It shall be a crime of the fourth degree to operate a motor vehicle during the period of license suspension . . . if the actor's license was suspended or revoked for a second or subsequent violation of [DWI] or [refusal to submit to a chemical test for intoxication]. A person convicted of an offense under this subsection shall be sentenced by the court to a term of imprisonment.
>
> c. Notwithstanding the term of imprisonment provided under <u>N.J.S.A.</u> 2C:43-6 [providing for a maximum custodial sentence of eighteen months] and the provisions of subsection e. of <u>N.J.S.A.</u> 2C:44-1 [the presumption of non-imprisonment for a first offender convicted of a fourth-degree crime], if

10

> a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole.

In French, the defendant pled guilty to a violation of N.J.S.A. 2C:40-26b and the judge sentenced him to ninety days in jail followed by ninety days in an inpatient drug rehabilitation program. French, supra, 437 N.J. Super. at 334. The State argued that the portion of the sentence permitting the defendant to serve ninety days in an alternate program, as opposed to jail, was illegal. Ibid. We noted that "N.J.S.A. 2C:40-26c requires the imposition of a mandatory period of incarceration of 180 days during which the defendant is not subject to parole." Id. at 336. In view of this clear language, we held that a defendant convicted of N.J.S.A. 2C:40-26b must be sentenced to 180 days in jail without parole, with no sentencing alternative available. Id. at 335-39.

The Legislature's purpose in requiring a mandatory period of "imprisonment" for this offense, with no possibility of parole, is also clear. Alternatives to jail, like the inpatient drug rehabilitation program involved in French, or the home detention and community service programs at issue here, do not protect the public in the same way as incarceration. This public safety consideration is especially relevant in the case

11                                          A-3591-12T1

of a defendant who loses his or her driving privileges for DWI, but then continues to drive despite the license suspension.

Because N.J.S.A. 2C:40-26c requires a "fixed minimum sentence of not less than 180 days" without parole eligibility for violations of N.J.S.A. 2C:40-26b, a sentence to a non-custodial "alternative program," instead of jail, is plainly illegal. We therefore reverse the sentences imposed upon Harris, Kaczak, Mitchell, Hangstorfer, and Filer, who were convicted of violating N.J.S.A. 2C:40-26b, and remand to the Law Division to resentence each defendant to 180 days to be served in jail without eligibility for parole.

For these same reasons, we also conclude that King's sentences to HEDS for her two convictions under N.J.S.A. 2C:40-26a were illegal. Although the defendant in French was convicted of violating 2C:40-26b, rather than N.J.S.A. 2C:40-26a, the latter section also makes clear that a person convicted under that provision "shall be sentenced by the court to a term of imprisonment[,]" and N.J.S.A. 2C:40-26c requires a mandatory 180-day jail term. Thus, our ruling in French plainly applies to defendants, like King, who are convicted of violating N.J.S.A. 2C:40-26a. Accordingly, we reverse King's sentences on both of her convictions and remand to the Law Division for

resentencing in accordance with the following specific instructions.

A question has arisen on appeal as to whether King completed at least one of her two sentences during the pendency of this matter and, if so, whether she can now be resentenced. In her appellate brief, King claimed she was "presently serving her sentence pursuant to the terms of" the HEDS program. In its reply brief, the State pointed out that both of King's sentences were stayed pending appeal. The State asserts that, until King filed her appellate brief, it was unaware that the county corrections department had permitted King to enter the program in violation of that stay.

The State represents that King "completed her sentence" on the first of her two convictions in the HEDS program but, because the county department of corrections did not know King had a second conviction, she did not complete any portion of the consecutive sentence she received for her second conviction. In a supplemental brief concerning the impact of our decision in French on her sentences, King does not directly address the State's contentions on this point, except to state that "her jail sentence was completed and was served on house arrest."

"An illegal sentence may be corrected at any time before it is completed." French, supra, 437 N.J. Super. at 335 (citing R.

2:10-3; State v. Schubert, 212 N.J. 295, 309-10 (2012)). Thus, a sentence that has been completed cannot ordinarily be challenged on appeal. However, in Schubert, the Court stated:

> If there was some indication in [the] record that either [the] defendant or his attorney had engaged in some effort to mislead the court with respect to [a specific condition of the] defendant's sentence, we would agree that any expectation of finality [the] defendant might have achieved would not be a legitimate one. The record before us contains not a hint, however, of such a devious plot.
>
> [Schubert, supra, 212 N.J. at 313.]

With regard to King's two convictions for violating N.J.S.A. 2C:40-26a, the State argues that King and her attorney were fully aware that the sentences to HEDS on both counts had been stayed pending appeal. The State also argues that King and her attorney did not reveal that King was in the program until King filed her responding brief in this appeal. Thus, the State contends that defendant participated in the program knowing of the risk that, should her sentences be reversed, she would be resentenced to 180 days in jail on each conviction, with the judge determining whether those sentences should be served concurrently or consecutively.

We conclude that the current record is not sufficient to enable us to consider the parties' competing contentions on this point. No documentary evidence has been presented verifying

King's attendance in HEDS. There may also be serious factual disputes concerning King's knowledge of the stay, and her attorney's and the county correction department's explanations for permitting her to participate in HEDS in contravention of that stay. We therefore direct the trial court to consider the parties' contentions on remand and make a complete factual record[7] concerning them before determining whether King should be resentenced to 180 days in jail on her first conviction in accordance with the requirements of N.J.S.A. 2C:40-26c.

With regard to King's second conviction for violating N.J.S.A. 2C:40-26a, which was to run consecutively to her conviction on the first count, the trial court shall review the State's representation that King has not already served her complete sentence in an alternate program for that conviction. If the State's representation is correct, the court shall sentence King to 180 days to be served in jail without eligibility for parole on this second conviction. If it is not, and King has already served all or a part of her second sentence in HEDS, the court shall consider the parties' competing factual contentions, make a complete record, and determine whether King should be resentenced to 180 days in jail on her second

---

[7] We leave the question of the necessity of conducting an evidentiary hearing to resolve the parties' factual claims to the discretion of the trial court.

conviction in accordance with the requirements of N.J.S.A. 2C:40-26c.

Finally, in Mitchell's case, the State argues that the sentence the judge imposed for her violation of N.J.S.A. 39:3-40 was illegal. In accordance with the negotiated plea, the judge imposed a $500 fine, $33 in court costs, and a three-month license suspension. However, the sentencing statute for this offense, N.J.S.A. 39:3-40f(2), states that, in addition to the monetary fines set forth above, the judge "shall" suspend a defendant's license for a "period of not less than one year or more than two years," and impose a county jail term of "not less than 10 days or more than 90 days." Because the judge only suspended Mitchell's driver's license for three months, and did not sentence her to any time in jail, the State asserts Mitchell must be resentenced.[8]

We agree with the State that N.J.S.A. 39:3-40f(2) requires a mandatory period of license suspension, together with a county jail term for this offense. Therefore, Mitchell's sentence for this motor vehicle violation was illegal. However, we also note that, during the plea colloquy, the State represented that, in addition to the mandatory fines, only a three-month license

---

[8] Mitchell's sentence was stayed pending appeal and there is nothing in the record to indicate that Mitchell completed any portion of her sentence for this motor vehicle violation.

suspension would be imposed. There was no mention of the possibility of jail time.

Under these circumstances, we remand this matter to the Law Division for resentencing on the N.J.S.A. 39:3-40 charge. Because Mitchell may not have been aware of the mandatory jail term and the lengthier period of license suspension required by N.J.S.A. 39:3-40f(2), basic fairness requires that she be permitted the opportunity to withdraw her guilty plea to this violation prior to resentencing. On remand, she shall also have the opportunity to argue that this motor vehicle charge should merge with her conviction for violating N.J.S.A. 2C:40-26b.

Defendants' sentences are reversed and remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION