**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3953-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM O'ROURKE, a/k/a
WILLIAM J. OROURKE,

    Defendant-Appellant.

_____

Submitted June 21, 2017 — Decided September 5, 2017

Before Judges Fuentes and Koblitz.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Indictment No.
15-04-0209.

Joseph E. Krakora, Public Defender, attorney
for appellant (Peter T. Blum, Assistant Deputy
Public Defender, of counsel and on the brief).

Michael H. Robertson, Somerset County
Prosecutor, attorney for respondent (Paul H.
Heinzel, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    A Somerset County grand jury returned Indictment No. 15-04-
209 against defendant William O'Rourke, charging him with one

count of fourth degree operating a motor vehicle during a period of license suspension for a second or subsequent conviction for driving while intoxicated (DWI), N.J.S.A. 2C:40-26(b). A Montgomery Township Police Officer also issued defendant summonses for DWI, N.J.S.A. 39:4-50; DWI in a school zone, N.J.S.A. 39:4-50(g); driving while his license was suspended, N.J.S.A. 39:3-40; and driving a motor vehicle with an expired registration, N.J.S.A. 39:3-4.

Defendant applied for admission into the Pretrial Intervention Program (PTI) in connection with the single count in the indictment. The PTI Director in the Criminal Division Manager's Office recommended that defendant's application be denied because his record indicated that his present offense "constitutes [an] ongoing pattern of anti-social behavior." The Somerset County Prosecutor's Office (SCPO) concurred with the PTI Director's recommendation and denied defendant's application. Defendant thereafter submitted additional information to the SCPO and asked the prosecutor to reconsider his decision based on the particular hardship defendant's confinement would cause to his wife. After reviewing defendant's supplemental presentation, the prosecutor found no legal basis to reconsider his initial position.

Defendant appealed the prosecutor's rejection of his PTI application to the Presiding Judge of the Criminal Part. After

A-3953-15T2

reviewing the parties' legal memoranda and considering the oral argument presented by counsel, the judge upheld the SCPO's rejection of defendant's PTI application. The judge found defendant did not show, by clear and convincing evidence, that the prosecutor's decision amounted to a patent and gross abuse of discretion. Defendant thereafter negotiated an agreement with the State through which he pleaded guilty to one count of the fourth degree offense defined in N.J.S.A. 2C:40-26(b) and to DWI under N.J.S.A. 39:4-50. The State agreed to dismiss the remaining Title 39 summonses and recommend the court sentence defendant to a term of probation not to exceed three years, conditioned upon defendant serving 364 days in the Somerset County Jail, 180 days of which to be served without parole as mandated by N.J.S.A. 2C:40-26(b). Defendant was free to argue for a lesser sentence within the statute's mandatory parole restriction.

The court sentenced defendant to a three-year term of probation, conditioned upon serving 180 days without parole in the county jail as mandated by N.J.S.A. 2C:40-26(b). On his conviction for his fourth DWI, the judge sentenced defendant to a term of 180 days in the county jail, to run concurrent to the term imposed for his fourth degree criminal conviction, ordered him to pay a $1000 fine, revoked his driving privileges for ten years, and imposed the mandatory monetary penalties under N.J.S.A. 39:4-50(a)(3).

Defendant now appeals raising the following arguments:

POINT ONE

AT A MINIMUM, O'ROURKE'S PTI APPLICATION SHOULD BE RECONSIDERED BECAUSE THE PROSECUTOR REJECTED IT BASED UPON IMPROPER CONSIDERATIONS.

    A.  The Prosecutor Applied A Non-Existent Presumption against PTI for the Charge of Driving While Suspended for a Second or Subsequent DWI Offense.

    B.  The Prosecutor Tendentiously Misinterpreted Various Statutory PTI Factors.

POINT II

O'ROURKE SHOULD HAVE BEEN ORDERED INTO PTI BEECAUSE [SIC] THE OFFENSE WAS A FOURTH-DEGREE DRIVING OFFENSE, HE WAS SEEKING TREATMENT FOR HIS ROOT PROBLEM OF ALCOHOLISM, AND HIS WIFE WAS SUFFERING FROM DEMENTIA.

We reject these arguments and affirm. We gather the following facts from the record developed before the Criminal Part.

At 3:25 p.m. on Wednesday, January 7, 2015, Montgomery Police Officer Ryan Gray responded to Montgomery High School to investigate a report of an intoxicated driver. When he arrived, Gray found a Buick Riviera illegally parked at the curb of the office of the Montgomery Board of Education. The car was unoccupied with the engine running. Gray conducted a computer

check of the vehicle's license plate number and discovered it was registered to defendant, but the registration card had expired.

Gray entered the Board of Education Office and found defendant seated in a chair. He immediately noticed that defendant had a strong odor of alcohol and his face was flushed. When Gray spoke with defendant, he noticed defendant spoke slowly and deliberately. Based on these observations, Gray concluded defendant was under the influence of alcohol. Defendant told Gray he left the car parked because he anticipated he would return within thirty seconds. It is undisputed defendant was unable to successfully complete the field sobriety tests Gray asked him to perform at the scene. Defendant's blood alcohol concentration (BAC) was .25%, or more than three times the .08% presumptive level of intoxication under N.J.S.A. 39:4-50(a).

On January 30, 2012, nearly three years before this encounter with Officer Gray, defendant was convicted on his third DWI, was sentenced to serve 180 days in the county jail, and had his license revoked for ten years. Defendant was also charged with DWI on October 17, 1989, and March 16, 2005 and subsequently convicted of both. In addition to these charges, his driver's abstract shows that over the past thirty years, defendant has been convicted of speeding, reckless driving, unsafe operation of a motor vehicle, and a variety of other moving violations. Defendant was nearly

fifty-three years old when he was arrested and convicted for his fourth DWI charge.

In support of his PTI application, defendant submitted a letter dated February 20, 2015 from Turning Point, a program dedicated to the "compassionate treatment of alcoholism and drug dependency." The author of the letter, who described himself as a "Primary Counselor," wrote to inform the Montgomery Municipal Court Supervisor that defendant was "presently attending Turning Point's short-term variable length of stay treatment facility for chemical dependency." (Emphasis added). According to the letter, defendant entered this program on January 22, 2015, fifteen days after his arrest for his fourth DWI charge. The program will give defendant "an aftercare recommendation and [he] will also be encouraged to attend daily NA/AA meetings."

The record before us includes the supplemental information that defense counsel submitted to induce the prosecutor to reconsider his original decision to reject defendant's PTI application. In a letter addressed directly to the prosecutor, defense counsel asserted that defendant is a married father of two minor children. His fifty-three-year-old wife suffers from Alzheimer's disease. Counsel attached a letter from a neuroscience institute to support this claim. Counsel states: "While Mr. O'Rourke might be an alcoholic, he is an integral part of his

wife's care. Six months of incarceration will only serve to completely destroy this family that is already teetering on the edge."

In his response acknowledging the receipt of defendant's application for reconsideration, the prosecutor stated:

> First, allow me to express my sincere condolences to Mr. O'Rourke and his family regarding the horrible circumstances in which they find themselves. However, despite the fact that the State recognizes the additional hardship incarceration will occasion upon defendant and his family, given the offenses defendant is charged with . . . both statutes[1] require mandatory incarceration. Moreover, while it is not the "policy" of the Somerset County Prosecutor's Office to reject all persons charged with N.J.S.A. 2C:40-26(b), it certainly [is] true that in most instances[,] such as this case, the State will reject those persons whose driving history demonstrates an ongoing course of antisocial behavior, combined with present charges that demonstrate a lack of amenability to short term rehabilitation.

The judge who decided defendant's appeal in the Criminal Part ultimately accepted the State's position. The judge concluded that the prosecutor had carefully reviewed defendant's PTI application and found support for its rejection in the factors codified in N.J.S.A. 2C:43-12(e). The prosecutor found factor two, which requires a fact-sensitive evaluation, supports

---

[1] N.J.S.A. 39:4-50(a)(3) and N.J.S.A. 2C:40-26(b).

rejection. Defendant had a .25% BAC at the time of his arrest for DWI; and this arrest occurred less than three years after his ten-year suspension of his driving privileges for his third DWI conviction. As for factor three, which addresses the motivation and age of the defendant, the State asserts defendant's age eliminates the possibility that this was a mere youthful indiscretion. Instead, defendant's age reveals he has had multiple opportunities to address his alcohol addiction and its disruptive consequences. Factor four, which examines the desire of the complainant or victim to forego prosecution, also favors rejection. The Legislature's adoption of N.J.S.A. 2C:40-26(b) clearly shows it seeks to deter drunk driving in our State by imposing a mandatory minimum sentence of incarceration.

The PTI Judge also found support for the State's reliance on N.J.S.A. 2C:43-12(e) factors five, six, and seven. Defendant's history of Title 39 violations speaks for itself. As this court has made clear:

> The Legislature's purpose in requiring a mandatory period of "imprisonment" for this offense, with no possibility of parole, is also clear. Alternatives to jail, like the inpatient drug rehabilitation program involved in [State v. French, 437 N.J. Super. 333 (App. Div. 2014)], or the home detention and community service programs at issue here, do not protect the public in the same way as incarceration. This public safety consideration is especially relevant in the

> case of a defendant who loses his or her driving privileges for DWI, but then continues to drive despite the license suspension.
>
> [State v. Rizzitello, 447 N.J. Super. 301, 315 (App. Div. 2016) (quoting State v. Harris, 439 N.J. Super. 150, 160 (App. Div. 2015)).]

Defendant's argument in favor of overturning the trial court's ruling relies heavily on defendant's attempt to seek treatment for his alcoholism. This argument is unavailing because it fails to comprehend what the Legislature intended when it adopted N.J.S.A. 2C:40-26(b). As we noted earlier, defendant has been given the opportunity to seek treatment for his addiction on multiple occasions. Indeed, when he was sentenced in 2012 for his third DWI conviction, he was sentenced to 180 days in the county "except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center[.]" N.J.S.A. 39:4-50(a)(3). (Emphasis added). The record reflects defendant served all of the 180 days in the county jail.

Defendant's fourth DWI conviction is consistent with his nearly life-long defiance of judicial authority and utter disregard for the welfare of his fellow motorists and pedestrians, whom he places in clear danger when he drives a car with a .25% BAC. Our Supreme Court made clear that "PTI is essentially an

extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Therefore,

> the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference. Trial courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances "'clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion.'"
>
> [Id. at 624-25 (quoting Wallace, supra, 146 N.J. at 582).]

Here, the trial court correctly applied this enhanced standard of review to uphold the prosecutor's rejection of defendant's PTI application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3953-15T2