**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0599-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID R. HARY,

     Defendant-Appellant.

_____

> Submitted October 16, 2018 – Decided  January 4, 2019
>
> Before Judges Rothstadt and Natali.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 16-12-1435.
>
> Mulkay & Rendo, PC, attorneys for appellant (Alain Mulkay, on the brief).
>
> Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David R. Hary appeals from the Law Division's upholding of the prosecutor's rejection of defendant's application for entry into the Pretrial Intervention Program (PTI). N.J.S.A. 2C:43-12; R. 3:28.[1] Defendant was previously charged in an indictment with one count of fourth-degree operating a motor vehicle during a period of suspension for a second or subsequent driving while intoxicated (DWI) conviction, N.J.S.A. 2C:40-26(b). Defendant applied for PTI, which the Criminal Division manager approved but the prosecutor rejected[2] based upon an evaluation of the criteria set forth in N.J.S.A. 2C:43-12(e) and the Rule 3:28 Guidelines. Defendant appealed and the trial court sustained the prosecutor's objections, finding that the prosecutor's decision was not a patent and gross abuse of his discretion. For the reasons that follow, we affirm.

---

[1] "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). In 1970, PTI was established by Rule 3:28. Ibid. (citing State v. Watkins, 193 N.J. 507, 517 (2008)). "PTI programs are 'governed simultaneously by the Rule and the statute which "generally mirror[ ]" each other.'" Ibid. (alteration in original) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

[2] "Pursuant to the procedures and guidelines established by Rule 3:28 and N.J.S.A. 2C:43-12, acceptance into PTI is dependent upon an initial recommendation by the Criminal Division Manager and consent of the prosecutor." Roseman, 221 N.J. at 621.

A-0599-17T4

The allegations leading to defendant's indictment and the rejection of his PTI application are summarized from the record as follows. On July 30, 2016, defendant was stopped for motor vehicle violations and charged with driving while on a cell phone, N.J.S.A. 39:4-97.3; driving with an expired license, N.J.S.A. 39:3-10; and driving with a suspended license, N.J.S.A. 39:3-40. He was later charged and indicted for the fourth-degree offense noted above.

After a grand jury indicted defendant, he applied for entry to the PTI program, which the Criminal Division manager recommended. However, on December 8, 2016, the prosecutor responded to the recommendation and set forth her office's objection to defendant's admission. The prosecutor supported her objection by first citing to our decision in State v. Harris, 439 N.J. Super. 150 (App. Div. 2015), in which we held that "[a]lternatives to jail" were not available to defendants convicted of committing a violation of N.J.S.A. 2C:40-26(c) that carries a mandatory 180-day period of incarceration without parole. Based on our holding, the prosecutor asserted that PTI was not available to defendant.

The prosecutor next addressed the statutory considerations set forth in N.J.S.A. 2C:43-12(e). In support of her objection, the prosecutor relied upon factors one, the nature of the case; two, the facts of the case; seven and fourteen,

the interests of society; and eight, the continuing pattern of anti-social behavior of defendant. As to factor one, the prosecutor stated that it was clear that the Legislature intended DWI matters "to be taken extremely seriously," and that defendant's multiple prior convictions for driving while suspended established his "gross deviation from the standard of care that [drivers] are entrusted to adhere." Turning to the facts of the case, the prosecutor relied upon the police report that stated defendant not only operated his vehicle while suspended, but did so while using a cell phone. As to the interests of society, the prosecutor stressed that "[t]here is a strong societal interest in prosecuting those who continue to operate motor vehicles while intoxicated or with a suspended license as a result of a conviction for same," as demonstrated by the increasingly stringent penalties imposed upon violators. Addressing defendant's pattern of behavior, the prosecutor noted that it was the fifth time defendant was charged with the same offense. She specifically noted that defendant was arrested for driving while his license was suspended after his fourth DWI conviction in eight years and that defendant had four prior convictions of operating a motor vehicle without a license.

The prosecutor confirmed that defendant's attributes were also specifically considered and concluded that after weighing all of the factors, PTI was not

A-0599-17T4

warranted. In closing, she stated that "[w]hile there are certainly scenarios where those who violate N.J.S.A. 2C:40-26 should be permitted entry into PTI, this case is not one of them."

Defendant appealed his rejection from PTI to the trial court. Defendant contended that the prosecutor failed to address all of the statutory factors, including defendant's attributes and amenability to supervision in a diversionary program. In his counsel's letter to the court, defendant was described as a forty-four year old man who is gainfully employed, a married father of four young children who relied upon him for support, and who has no prior criminal convictions.

Defense counsel included in the appeal a description of defendant's driving abstract and confirmed that defendant had "only . . . two prior convictions of violating N.J.S.A. 39:3-40," with the most recent being in 2000. Similarly, he noted that defendant's convictions for DWI occurred many years earlier, with his last conviction for either refusing a breath test or DWI being in 2006, which were followed by two other moving violations not related to DWI.

Counsel also argued that incarceration would present an extreme hardship for defendant. He stated that a six-month jail term would seriously jeopardize defendant's ability to return to work after his term because his work is assigned

5

through a local union. According to counsel, permitting defendant to enter PTI would be consistent with the purposes of the program. Moreover, applying the statutory criteria, counsel argued that defendant's admission was warranted, especially because no one was injured as result of his violation, defendant could receive any required counseling and treatment through PTI, and his family would not suffer any undue hardship.

After considering the parties' written submissions and oral arguments, the trial court rejected defendant's appeal. In a written decision issued on March 20, 2017, the trial court set forth the applicable law governing admission to PTI, including defendant's burden on appeal from a prosecutor's rejection; the "enhanced" deference courts are obligated to apply to a prosecutor's decision to reject a defendant from PTI; and the limited nature of a court's review of that decision. The court found that, contrary to defendant's argument and although the prosecutor expressly cited only five factors, the prosecutor considered all of the required factors. Finally, the court found that defendant failed to meet his burden of proving that the prosecutor's decision was a "patent and gross abuse of discretion," citing to the prosecutor's reliance on the factors identified in her objection to defendant's admission into PTI.

6

Defendant later pled guilty to the fourth-degree offense and the court sentenced him to the mandatory 180 days in jail, but stayed the sentence pending the outcome of his appeal. This appeal followed.

On appeal from the trial court's decision, defendant argues:

POINT I

THE TRIAL COURT ERRED IN NOT APPROVING [DEFENDANT'S] APPLICATION TO THE PRETRIAL INTERVE[N]TION PROGRAM OVER THE PROSECUTOR'S OBJECTION.

We find no merit to defendant's argument. We affirm substantially for the reasons stated by the trial court in its cogent written decision. We only add the following comments.

"The scope of judicial review of PTI decisions is 'severely limited[,]' and interference by reviewing courts is reserved for those cases where needed 'to check [ ] the "most egregious examples of injustice and unfairness."'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (alteration in original)(quoting State v. Negran, 178 N.J. 73, 82 (2003)). "[O]n appeal, [we] review[] PTI decisions with 'enhanced deference.'" Ibid. (quoting State v. Brooks, 175 N.J. 215, 225 (2002)).

Our review of a prosecutor's PTI determination is limited because of the nature of the decision being made. "PTI is essentially an extension of the

A-0599-17T4

charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" Roseman, 221 N.J. at 624 (quoting Wallace, 146 N.J. at 582). Prosecutors are granted "wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial." Negran, 178 N.J. at 82.

A prosecutor must evaluate PTI applications by considering the factors defined by statute and court rule, and conduct an "individualized assessment" of the applicant. The Supreme Court explained the evaluation process as follows:

> The assessment of a defendant's suitability for PTI must be conducted under the Guidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e). These factors include "the details of the case, defendant's motives, age, past criminal record, standing in the community, and employment performance[.]" Additionally, a PTI determination requires that the prosecutor make an individualized assessment of the defendant considering his or her "'amenability to correction' and potential 'responsiveness to rehabilitation.'"
>
> [Roseman, 221 N.J. at 621-22 (citations omitted).]

A trial court "may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances '"clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion."'" Id. at 624-25

(quoting Wallace, 146 N.J. at 582). "Where a defendant can make that showing, a trial court may admit a defendant, by order, into PTI over the prosecutor's objection." Id. at 625. A patent and gross abuse of discretion occurs when

> a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgement. . . . In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [Ibid. (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

Applying these principles, we discern no patent or gross abuse of discretion in the prosecutor's denial of defendant's PTI application. Thus, there is no basis to disturb the trial court's decision sustaining the prosecutor's denial. Although defendant certainly has a number of mitigating factors in his favor, the reasons for the prosecutor's denial were premised on consideration of relevant factors, which weighed against his admission. Defendant failed to clearly and convincingly establish that the prosecutor's decision went so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice required judicial intervention.

We conclude that defendant's arguments to the contrary are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Suffice it to say, "a court's scrutiny of a prosecutor's denial of consent is normally limited to the reasons given by the prosecutor for his [or her] action[,]" State v. Kraft, 265 N.J. Super. 106, 112 (App. Div. 1993), and "[a]bsent evidence to the contrary, it is [to be] presumed that the prosecutor considered all relevant factors before rendering a decision." Ibid. (alteration in original) (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)).

Here, the prosecutor appropriately referred to the State's version of the facts where those facts were relevant to the applicable PTI factors, and the prosecutor's statement of reasons clearly evinces a substantive analysis of valid considerations.[3] While reasonable minds might differ as to whether defendant is a suitable candidate for admission into the program, the court's role when considering an appeal of this sort is "limited" and the "[court] does not have the authority . . . to substitute [its own] discretion for that of the prosecutor. . . . even where the prosecutor's decision is one which the . . . court disagrees with or finds to be harsh." Id. at 112-13 (alteration in original) (citation omitted) (citing State v. DeMarco, 107 N.J. 562, 566-67 (1987)).

---

[3] The fact that the prosecutor opined that under our holding in Harris, violators of N.J.S.A. 2C:40-26 are somehow barred from PTI is of no moment because the prosecutor considered the statutory factors and even noted that although PTI could be available to such violators, it was not appropriate for defendant.

A-0599-17T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION