**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3458-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VICTORIA GITSU,

     Defendant-Appellant.

_____

Argued February 7, 2019 – Decided April 29, 2019

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-03-0413.

Paul Boyton Brickfield argued the cause for appellant (Brickfield & Donahue, attorneys; Paul Boyton Brickfield, on the briefs).

Tom Dominic Osadnik, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for the respondent (Dennis Calo, Acting Bergen County Prosecutor, attorney; Tom Dominic Osadnik, of counsel and on the brief).

PER CURIAM

Defendant Victoria Gitsu appeals from a June 12, 2017 order deferring to the Bergen County Prosecutor's Office's decision to deny defendant's application to the pretrial intervention (PTI) program. For the reasons that follow, we affirm.

Defendant was issued a motor vehicle summons for driving with a suspended license in violation of N.J.S.A. 2C:40-26(b). Defendant's license was suspended because of a prior conviction for driving while intoxicated (DWI). She also has been convicted for refusal to submit to a breath test.

Defendant applied to the PTI program. She has an exemplary resume, which includes employment in the financial industry. The PTI director recommended defendant be admitted.

The prosecutor disagreed and denied defendant's application. The prosecutor pointed to State v. Harris, 439 N.J. Super. 150 (App. Div. 2015), and asserted "the recent case law disfavoring non-custodial alternatives to incarceration for violations of N.J.S.A. 2C:40-26 militates against defendant's entry into PTI." Beyond that, the prosecutor considered the facts and nature of the case, the interests of society, and a continuing pattern of anti-social behavior as disfavoring defendant's admission. The prosecutor also evaluated defendant's age, lack of prior criminal convictions, and whether PTI offered services

unavailable in the criminal justice system. Defendant appealed her rejection, to the trial court, which deferred to the prosecutor. This appeal followed:

On appeal, defendant argues:

> POINT I
>
> THE STATE PATENTLY AND GROSSLY ABUSED ITS DISCRETION IN DENYING APPELLANT'S ADMISSON INTO THE PTI PROGRAM.

Defendant asserts the Bergen County Prosecutor's Office has adopted a per se policy of denying PTI to defendants charged with N.J.S.A. 2C:40-26. The State acknowledges defendants charged with this offense are eligible for PTI but, claims defendant's circumstances did not warrant PTI admission.

We focus on the State's reliance on Harris and its application. In Harris, the defendants, like defendant here, were charged with violations of N.J.S.A. 2C:40-26. Id. at 154. N.J.S.A. 2C:40-26(c), in part, reads "if a person is convicted of a crime under this section the sentence imposed shall include a fixed minimum sentence of not less than 180 days[.]" Harris addressed the practice of sentencing defendants convicted of N.J.S.A. 2C:40-26 to home detention or community service programs contrary to the statute's requirements. 439 N.J. Super. at 155. We explained this violated the Legislature's specific

A-3458-17T1

intention of mandating a jail sentence for those convicted of N.J.S.A. 2C:40-26. Id. at 160.

However, the Harris defendants were convicted of violating N.J.S.A. 2C:40-26; whereas, here, defendant applied for PTI. Therefore, Harris is distinguishable. But, as we explained in State v. Rizzitello, 447 N.J. Super. 301, 315 (App. Div. 2016), N.J.S.A. 2C:40-26 reflects the Legislature's intention that the act of driving with a suspended license following a conviction for DWI justifies mandatory jail time, which may be taken into account by the prosecutor when considering "the nature of the offense" and "interests of society." N.J.S.A. 2C:43-12(e). Here, we discern no abuse of the prosecutor's discretion where he relied upon the fact that offense charged carries a mandatory custodial term.

We also reject defendant's assertion the Bergen County Prosecutor's Office has a per se policy of excluding defendants charged under N.J.S.A. 2C:40-26 from PTI. In State v. Baynes, our Supreme Court explained that "[b]y their nature, per se rules require prosecutors to disregard relevant factors" and prevent an individualistic assessment of the defendant's PTI application. 148 N.J. 434, 445 (1997). But here, defendant does not argue the prosecutor failed to consider all relevant factors in denying her application; rather, she contends the prosecutor failed to assign sufficient weight to her education and

A-3458-17T1

employment. We decline to "[stand] in the shoes of the prosecutor" and defer to the prosecutor's weighing of the relevant factors. State v. Hoffman, 399 N.J. Super. 207, 216 (App. Div. 2008).

We need not address defendant's remaining arguments as they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5