NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4137-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ROBERT NAHM a/k/a BOB NAHM,
ROBERT T. NAHM,

 Defendant-Appellant.
______________________________________

 Submitted September 27, 2017 – Decided October 23, 2017

 Before Judges Alvarez and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Gloucester County, Indictment
 No. 15-10-0728.

 Bruce H. Sherman, attorney for appellant.

 Sean F. Dalton, Gloucester County Prosecutor,
 attorney for respondent (Joseph H. Enos, Jr.,
 Senior Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 Defendant Robert Nahm was charged with fourth-degree

operating a motor vehicle during a period of license suspension

for multiple convictions of driving while intoxicated (DWI),
N.J.S.A. 2C:40-26(b), and driving while suspended, N.J.S.A. 39:3-

40. Defendant applied for admission into Pretrial Intervention

(PTI). Following rejection of his PTI application by the

Gloucester County Prosecutor, defendant filed a motion in the Law

Division appealing from that rejection, which was denied by the

trial court. Defendant then pled guilty to both offenses and was

sentenced. Defendant appeals the February 19, 2016 order denying

his motion to override the prosecutor's rejection, and the April

28, 2016 judgment of conviction, arguing the trial court erred

when it upheld the prosecutor's rejection of his PTI application.

We affirm.

 We glean the following facts from the record on appeal. On

March 21, 2015, at approximately 10:30 a.m., a Harrison Township

police officer manning a stationary radar post on the shoulder of

Mullica Hill Road (Route 322) ran a registration check on the work

van being driven by defendant, which revealed that the driver's

license of owner of the van, defendant Robert Nahm, was suspended.

During the subsequent motor vehicle stop, defendant admitted his

license was suspended as a result of a DWI conviction. Because

the police officer was required to respond to a priority domestic

violence call, defendant was issued a summons in the mail for

driving while suspended. He was subsequently charged and indicted

for violating N.J.S.A. 2C:40-26(b) after it was discovered that

 2 A-4137-15T3
defendant's license suspension was a result of a second DWI

conviction.

 Defendant alleges he began driving the van after his co-

worker refused to drive it further because it was swaying in the

wind. Defendant claims they would have been stranded if he did

not take over driving. The incident did not involve a motor

vehicle accident, drugs, or alcohol.

 Defendant is fifty-two years old. He works as an independent

contractor and has a nineteen-year-old daughter in college.

Defendant has no prior criminal convictions, has no history of

violence, and has never participated in any diversionary programs.

Defendant claims he attended the required period of detainment at

an Intoxicated Driver Resource Center, see N.J.S.A. 39:4-

50(a)(1)(i), and was attending a sixteen-week alcohol counseling

course.

 Defendant applied for admission into PTI. He was recommended

for admission into PTI by the vicinage's criminal division manager.

In a one-page letter, the Gloucester County Prosecutor's Office

objected to defendant's admission into PTI, citing criteria 1 (the

nature of the offense), 2 (the facts of the case), and 17 (whether

or not the harm done to society by abandoning criminal prosecution

would outweigh the benefits to society from channeling an offender

into a supervisory program). N.J.S.A. 2C:43-12(e) (1), (2), (17).

 3 A-4137-15T3
The letter references defendant's prior DWI convictions in 2010

and 2014. The letter then states:

 Coincidentally, the instan[t] offense
 occurred almost exactly one year to the day
 of his second conviction for operating a motor
 vehicle while intoxicated. These
 circumstances suggest to the Prosecutor that
 the defendant is not amenable to the
 rehabilitative process offered by the PTI
 Program.

 Having considered all statutory factors set
 forth in N.J.S.A. 2C:43-12 in their totality,
 the Gloucester County Prosecutor opposes this
 application.

The letter did not discuss any other admission criteria or include

any further fact specific analysis.

 Defendant then appealed the denial of entry into PTI to the

Law Division. The Prosecutor submitted a ten-page letter brief

in opposition to the appeal. Unlike his rejection letter, the

Prosecutor's letter brief included a fact-specific discussion of

all of the applicable statutory admission criteria.

 The PTI judge issued a February 19, 2016 order and oral

decision denying defendant's appeal. The oral decision included

a detailed review of the prosecutor's basis for rejecting

defendant's PTI application, including the fact-specific analysis

of the statutory criteria set forth in the prosecutor's opposing

letter brief.

 4 A-4137-15T3
 The judge found that the prosecutor used a "significant and

clear rationale," including weighing all of the factors in making

his determination. The judge noted that the prosecutor considered

the repetitive nature of defendant's continuing offenses, which

led the prosecutor to conclude that the defendant is not amenable

to the rehabilitative processes offered by the program. The

prosecutor further considered the fact that given defendant's age,

the offense could not be excused as a youthful indiscretion. The

prosecutor also gave significant weight to the protective benefit

to society by prosecuting this type of case. Finally, the judge

indicated that the prosecutor had engaged in an individualized

assessment of the application. As a result, the judge concluded

that the prosecutor's rejection was not a per se or categorical

denial and did not amount to a patent and gross abuse of

discretion.

 Thereafter, defendant pled guilty to violating N.J.S.A.

2C:40-26, and driving while suspended, N.J.S.A. 39:3-40.

Defendant was sentenced to the mandatory minimum 180-day jail term

with no eligibility for parole, plus applicable penalties and

assessments for the fourth-degree offense. He was ordered to pay

fines and court costs and received a one-year suspension of driving

privileges for the driving while suspended charge. The period of

incarceration was stayed pending appeal.

 5 A-4137-15T3
 Defendant appeals the denial of his PTI motion. See R.

3:28(g). He raises the following arguments:

 POINT ONE:

 THE REJECTION OF THIS DEFENDANT FROM THE PRE-
 TRIAL INTERVENTION PROGRAM, BASED ON THE
 RECORD BEFORE THE COURT, SHOULD BE VIEWED AS
 AN IMPERMISSIBLE PER SE EXCLUSION.

 POINT TWO:

 A. THE STATEMENT OF REASONS FOR THE REJECTION
 OF DEFENDANT IS INADEQUATE AND FAILS TO
 ESTABLISH SUFFICIENT INDIVIDUALIZED
 EVALUATION OF HIS SUITABLILITY TO PARTICIPATE
 IN PRE-TRIAL INTERVENTION.

 B. THE PROSECUTOR HAS COMMITTED AN ABUSE OF
 DISCRETION BY WAY OF PLACING TOO MUCH WEIGHT
 ON THE NATURE OF THE OFFENSE AND ACCORDINGLY
 FAILING TO PROPERLY EVALUATE THE FACTORS THAT
 JUSTIFY DEFENDANT'S ADMISSION.

 After reviewing the record presented to the PTI judge and

being mindful of the enhanced deferential standard governing

judicial review of prosecutorial decisions affecting admission

into this diversionary program, we affirm. We conclude that the

PTI judge did not err when he denied defendant's motion to override

the prosecutor's rejection of defendant's PTI application on the

basis that the prosecutor's decision did not constitute a "patent

and gross abuse of discretion" as defined by our Supreme Court in

State v. Bender, 80 N.J. 84, 93 (1979).

 6 A-4137-15T3
 Defendant argues that the prosecutor's rejection was an

impermissible per se denial. We note that N.J.S.A. 2C:40-26(c)

requires the imposition of a mandatory minimum period of

incarceration of 180 days during which the defendant is not

eligible for parole. State v. French, 437 N.J. Super. 333, 336

(App. Div. 2014), certif. denied, 220 N.J. 575 (2015).

Notwithstanding same, N.J.S.A. 2C:40-26(b) does not carry a

presumption against admission into PTI under either N.J.S.A.

2C:43-12(b) or Guideline 3(i) to Rule 3:28. State v. Rizzitello,

447 N.J. Super. 301, 312-13 (App. Div. 2016).

 The absence of a presumption against admission into PTI is

not dispositive of the issue presented by this appeal — whether

there is a sufficient basis to conclude the prosecutor's rejection

of defendant's PTI application amounted to a patent and gross

abuse of discretion. In our view, the PTI judge used the

appropriate deferential standard of review when he answered this

question in the negative.

 Although defendant contends that his co-worker refused to

drive any further, we do not view this as a case "in which an

unforeseen emergency compelled defendant to undertake a course of

action that [he] would not have taken under ordinary

circumstances." State v. Sylvester, 437 N.J. Super. 1, 7 (App.

Div. 2014). "Absent any mitigation, [the defendant's] actions can

 7 A-4137-15T3
be reasonably characterized as contemptuous of the court's

authority." Ibid.

 As statutorily established in N.J.S.A. 2C:43-12 to -22, and

as implemented under Rule 3:28 and the Guidelines for Operation

of Pretrial Intervention in New Jersey, PTI is fundamentally a

discretionary program. Subject to judicial review, admission into

PTI is based on a recommendation by the criminal division manager,

with the consent of the prosecutor. State v. Nwobu, 139 N.J. 236,

246 (1995). The prosecutor's assessment is to be guided by

seventeen non-exclusive factors enumerated in the PTI statute.

N.J.S.A. 2C:43-12(e)(1)-(17). Courts must "presume that a

prosecutor considered all relevant factors, absent a demonstration

by the defendant to the contrary." State v. Wallace, 146 N.J. 576,

584 (1996).

 "Deciding whether to permit diversion to PTI 'is a

quintessentially prosecutorial function.'" State v. Waters, 439

N.J. Super. 215, 225 (App. Div. 2015) (quoting Wallace, supra, 146

N.J. at 582). "Prosecutorial discretion in this context is

critical for two reasons. First, because it is the fundamental

responsibility of the prosecutor to decide whom to prosecute, and

second, because it is a primary purpose of PTI to augment, not

diminish, a prosecutor's options." Nwobu, supra, 139 N.J. at 246.

"Accordingly, 'prosecutors are granted broad discretion to

 8 A-4137-15T3
determine if a defendant should be diverted' to PTI instead of

being prosecuted." Waters, supra, 439 N.J. Super. at 225 (quoting

State v. K.S., 220 N.J. 190, 199 (2015)). In State v. Negran, 178

N.J. 73 (2003), the Court described the wide but not unlimited

discretion afforded prosecutors when reviewing PTI applications,

and the enhanced deference courts should employ:

 In respect of the close relationship of the
 PTI program to the prosecutor's charging
 authority, courts allow prosecutors wide
 latitude in deciding whom to divert into the
 PTI program and whom to prosecute through a
 traditional trial. The deference has been
 categorized as enhanced or extra in nature.
 Thus, the scope of review is severely limited.
 Judicial review serves to check only the most
 egregious examples of injustice and
 unfairness.

 A prosecutor's discretion in respect of a PTI
 application is not without its limits,
 however. A rejected applicant must be
 provided with a clear statement of reasons for
 the denial. That writing requirement is
 intended to facilitate judicial review, assist
 in evaluating the success of the PTI program,
 afford to defendants an opportunity to
 respond, and dispel suspicions of
 arbitrariness. The requirement also enables
 a defendant to challenge erroneous or
 unfounded justifications for denial of
 admission.

 [Id. at 82 (citations omitted); see also K.S.,
 supra, 220 N.J. at 199-200.]

 As correctly noted by the PTI judge, the trial court must not

substitute its own discretion for that of the prosecutor even

 9 A-4137-15T3
where the prosecutor's decision is one which the trial court

disagrees or finds to be harsh. See State v. Kraft, 265 N.J.

Super. 106, 112-13 (App. Div. 1993). "Trial courts may overrule

a prosecutor's decision to accept or reject a PTI application only

when the circumstances clearly and convincingly establish that the

prosecutor's refusal to sanction admission into the program was

based on a patent and gross abuse of . . . discretion." State v.

Roseman, 221 N.J. 611, 624-25 (2015) (citations omitted). We

apply the same standard of review as the trial court, and review

its decision de novo. Waters, supra, 439 N.J. Super. at 226.

 In Rizzitello, we described the burden imposed on a defendant

seeking to overturn a prosecutorial rejection.

 To establish the prosecutor's rejection of
 defendant's PTI application amounted to a
 patent and gross abuse of discretion, a
 defendant must prove, by clear and convincing
 evidence, that a prosecutorial veto (a) was
 not premised upon a consideration of all
 relevant factors, (b) was based upon a
 consideration of irrelevant or inappropriate
 factors, or (c) amounted to a clear error in
 judgment. . . . In order for such an abuse
 of discretion to rise to the level of patent
 and gross, it must further be shown that the
 prosecutorial error complained of will clearly
 subvert the goals underlying Pretrial
 Intervention.

 [Rizzitello, supra, 447 N.J. Super. at 313
 (citations omitted).]

 10 A-4137-15T3
 Here, defendant has not met his heavy burden. Nor has the

defendant shown that the prosecutor's decision clearly subverted

the goals underlying PTI. Conversely, granting defendant PTI

would not necessarily serve all the goals of PTI set forth in

N.J.S.A. 2C:43-12(a)(1)-(5). Moreover, we cannot say that the

prosecutor's decision could not have been reasonably made upon

weighing the relevant factors. See Nwobu, supra, 139 N.J. at 254.

On the contrary, we find that that the prosecutor properly

considered and weighed all of the relevant factors in reaching his

decision to reject defendant's application. Accordingly, we hold

that the prosecutor's refusal to sanction admission into the

program did not constitute a patent and gross abuse of discretion,

and affirm.

 We add the following observations. Generally, motor vehicle

violations are not appropriate factors for consideration, but

where the prosecutor indicates that such violations are indicative

of a pattern of anti-social behavior, they may be considered. See

Negran, supra, 178 N.J. at 84-85. Here, the prosecutor recited

defendant's prior DWI convictions in 2010 and 2014 and the license

suspensions imposed to explain the extent to which defendant's

crime constituted part of a continuing pattern of anti-social

behavior, N.J.S.A. 2C:43-12(e)(8), and to show that defendant was

not amenable to the rehabilitative process offered by the program,

 11 A-4137-15T3
N.J.S.A. 2C:43-12(e)(2). In these circumstances we find the

prosecutor properly relied upon the repetitive nature and timing

of defendant's prior DWI convictions and resulting license

suspensions.

 The prosecutor also gave significant weight to the protective

benefit to society by prosecuting violations of N.J.S.A. 2C:40-

26(b). The consideration of that factor was appropriate and within

the prosecutor's discretion. By enacting N.J.S.A. 2C:40-26(b),

"the Senate intended to lodge 'criminal penalties for persons

whose [drivers'] licenses are suspended for certain drunk driving

offenses and who, while under suspension for those offenses,

unlawfully operate a motor vehicle.'" State v. Luzhak, 445 N.J.

Super. 241, 245 (App. Div. 2016) (quoting Senate Law and Public

Safety and Veterans' Affairs Committee, Statement to S. 2939

(November 23, 2009)). In State v. Carrigan, 428 N.J. Super. 609,

614 (App. Div. 2012),certif. denied, 213 N.J. 539 (2013), we noted

that the "strengthened penalty" for violation of N.J.S.A. 2C:40-

26(b) was " legislatively prompted, at least in part, by reports

of fatal or serious accidents that had been caused by recidivist

offenders with multiple prior DWI violations, who nevertheless

were driving with a suspended license."

 Defendant complains that the prosecutor did not provide a

full consideration of each statutory factor in his initial

 12 A-4137-15T3
rejection letter. We agree. "A prosecutor is required to provide

a criminal defendant with a statement of reasons justifying his

or her PTI decision, and the statement of reasons must demonstrate

that the prosecutor has carefully considered the facts in light

of the relevant law." Wallace, supra, 146 N.J. at 584; see also

K.S., supra, 220 N.J. at 198-99 (the prosecutor is required to

consider the criteria set forth in N.J.S.A. 2C:43-12). If a

prosecutor does not consider factors that should be considered,

or does consider factors that should not be considered, a remand

may be appropriate. K.S., supra, 220 N.J. at 200. Here, the

failure to provide a full consideration of each factor was

adequately addressed in the prosecutor's subsequent letter brief,

which provided a fact specific consideration of each relevant

factor. Therefore, a remand is unnecessary as it would serve no

useful purpose.

 Defendant's remaining arguments lack sufficient merit to

warrant discussion in a written opinion. R. 2:11-3(e)(2).

 Affirmed.

 13 A-4137-15T3