**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2935-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RODNEY DELVA,

     Defendant-Appellant.

_____

Submitted May 18, 2022 – Decided June 15, 2022

Before Judges Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-02-0559.

Rodney Delva, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rodney Delva appeals from a May 10, 2021 order denying his motion to reduce his sentence. Because defendant can neither procedurally present an excessive sentencing argument consistent with N.J.S.A. 2C:44-1(b)(14) nor meet the standards to show an illegal sentence under Miller v. Alabama, 567 U.S. 460 (2012) and its progeny, we affirm.

Defendant was indicted for offenses committed in 2013 when he was twenty-five years old. In 2016, defendant pled guilty to crimes, including first-degree aggravated manslaughter, and was sentenced in 2017 to twenty years' imprisonment with eighty-five percent parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2, and ten years of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c). The judge found aggravating factors three, the risk that the defendant will commit another offense, and nine, the need for deterring the defendant and others from violating the law. N.J.S.A. 2C:44-1(a)(3), (9). The judge found no mitigating factors. The judge found "clear and convincing evidence that the aggravating factors substantially outweigh[ed] the non-existent mitigating factors."

Defendant appealed his sentence, which we affirmed. State v. Delva, No. A-4926-16 (App. Div. Dec. 7, 2017). We were "satisfied that the sentence [was] not manifestly excessive or unduly punitive and [did] not constitute an abuse of

discretion." Ibid. (citing State v. Cassady, 198 N.J. 165 (2009); then State v. Roth, 95 N.J. 334 (1984)).

On February 28, 2021, defendant filed a motion pro se to reduce or change his sentence under Rule 3:21-10(b)(4). On May 10, 2021, the judge denied his motion to reduce his sentence, explaining:

> [this court continues to find] by clear and convincing evidence that the aggravating factors preponderate over the mitigating factors. While a new mitigating factor, that the defendant was under [twenty-six] years of age at the time of the commission of the offense, would apply under [N.J.S.A. 2C:44-1(b)(14)] as [d]efendant was [twenty-five] years old at the time of the offense on August 9, 2013, this [c]ourt finds that this would not outweigh the aggravating factors this [c]ourt previously found, specifically, the risk that the defendant will commit another offense, [N.J.S.A. 2C:44-1(a)(3)], and the need for deterring the defendant and others from violat[ing] the law, [N.J.S.A. 2C:44-1(a)(9)]. While it is admirable that [d]efendant has participated and completed various programs while incarcerated, [d]efendant has not shown sufficient good cause to reduce his sentence. Furthermore, this [c]ourt is not involved in the calculation of any public health emergency credit that [d]efendant may be entitled to as that is the responsibility of the Department of Corrections.

This appeal followed.

Defendant argues:

> THE TRIAL COURT ABUSED [ITS] DISCRETION
> BY NOT REDUCING APPELLANT['S] SENTENCE

A-2935-20

IN REGARDS TO MILLER V. ALABAMA, 567 U.S. 460 (2012).

"[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or . . . 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)).

Our review of a sentence is generally limited. State v. Miller, 205 N.J. 109, 127 (2011). Our responsibility is to assure that the aggravating and mitigating factors found by the judge are supported by competent, credible evidence in the record. Ibid. We must (1) "require that an exercise of discretion be based upon findings of fact that are grounded in competent, reasonably credible evidence[;]" (2) "require that the factfinder apply correct legal principles in exercising its discretion[;]" and (3) modify sentences only "when the application of the facts to the law is such a clear error of judgment that it shocks the judicial conscience." Roth, 95 N.J. at 363-64; see also State v. Fuentes, 217 N.J. 57, 70 (2014).

"Whether a sentence is illegal as unconstitutional, however, is a question of law to which [we] afford[] no deference." State v. Thomas, 470 N.J. Super. 167, 196 (App. Div. 2022) (citing State v. Zuber, 227 N.J. 422, 437 (2017)). Such "[a]n illegal sentence may be corrected at any time before it is completed."

4

State v. French, 437 N.J. Super. 333, 335 (App. Div. 2014) (citing R. 2:10-3; and State v. Schubert, 212 N.J. 295, 309-10 (2012)).

In Miller, the Supreme Court held "that mandatory life without parole for those under the age of [eighteen] at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. However, where a sentence is not mandatory, a sentencing court must "follow a certain process--considering an offender's youth and attendant characteristics-- before imposing a particular penalty." Id. at 483.

In 2020, the Legislature added mitigating factor fourteen to the sentencing guidelines that "the defendant was under [twenty-six] years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14). In 2021, we acknowledged the new mitigating factor's effective date and explained the process for requesting relief on appeal.

> N.J.S.A. 2C:44-1(b) was amended effective October 19, 2020, to add the defendant's youth (i.e., less than twenty-six years of age) to the statutory mitigating sentencing factors. N.J.S.A. 2C:44-1(b)(14). Unlike mitigating factor thirteen, N.J.S.A. 2C:44-1(b)(13), mitigating factor fourteen does not require a finding that the defendant was substantially influenced by another; it only requires a finding that "[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14).

A-2935-20

Although defendant argues that the motion court inadequately considered his youth at the time the murder was committed, he does not argue that the amendment should be applied retroactively to this case. In any case, the new sentencing factor would not provide a basis for relief because the factor is part of the weighing process, which relates to the issue of excessiveness, not legality. State v. Hess, 207 N.J. 123, 145 (2011); [Acevedo, 205 N.J. at 46-47]. Claims that a sentence "within the range permitted by a verdict" is excessive must be raised on direct appeal, Hess, 207 N.J. at 145, and "are not cognizable . . . under the present Rule 3:21-10(b)(5)," Acevedo, 205 N.J. at 47. Thus, even if the Legislature intended the youth factor to apply to sentences imposed long ago and affirmed on direct appeal, it would not provide a basis to render the sentence illegal or unconstitutional.

[State v. Tormasi, 466 N.J. Super. 51, 66-67 (App. Div. 2021) (first alteration in original) (sixteen-year-old subject to life imprisonment with thirty-year parole bar by 1998 sentence).]

We also elaborated:

To date, defendant's sentence has been declared constitutional by a trial judge and this court. If he is denied parole, he may appeal. If he serves a substantial period in prison due to a parole denial or denials, he may even have a basis to file a motion to correct an illegal sentence based on "factors that could not be fully assessed when he was originally sentenced." Zuber, 227 N.J. at 452. . . . But at this time, his sentence is legal and his speculative claims regarding the likelihood of not being paroled do not change that.

[Id. at 71.]

6

Further, we recently reviewed Miller's progeny in Thomas. 470 N.J. Super. at 167.

> Miller established a new rule of substantive constitutional law. [Graham v. Florida, 560 U.S. 48 (2010)] and Zuber embraced the concept of having a court review whether a defendant has matured and been rehabilitated during their lengthy incarceration. Zuber, 227 N.J. at 451-52. [Tormasi] recognized that in certain circumstances, an adversarial hearing may be needed to meet that goal. [466 N.J. Super. at 71]. [Tormasi] did so without deciding "what would constitute an appropriate amount of time in prison to justify a 'return to court' to demonstrate that defendant has sufficiently reformed himself to a degree that serving his original sentence in full is no longer constitutional under the Eighth Amendment." Id. at 66. [State v. Comer] created a procedure for juvenile offenders sentenced to the murder statute's mandatory [thirty]-year parole bar to petition the court for a hearing after they have served at least twenty years in prison to "assess factors [that the sentencing court] could not evaluate fully decades before – namely, whether the juvenile offender still fails to appreciate risks and consequences, and whether he has matured or been rehabilitated." [249 N.J. 359, 370 (2022)]. At the hearing "[t]he court may also consider the juvenile offender's behavior in prison since the time of the offense, among other relevant evidence." [Ibid.]
>
> [Id. at 196-97 (sixth alteration in original).]

Here, we previously affirmed defendant's sentence as not excessive in 2017 on direct appeal, well after the Court's 2012 decision in Miller. Moreover, N.J.S.A. 2C:44-1(b) would not have applied in that year. Tormasi, 466 N.J.

Super. at 66-67. Defendant's sentence remains legal, and he may file a motion for parole when eligible and appeal if denied. Thus, we discern no error.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2935-20