STATE OF NEW JERSEY, PLAINTIFF, v. GERALDO SILVA, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Hudson County

Decided July 13, 1989.

tenant who moved in without any reliance upon the condition of the premises would not be so protected.

*Robert E. Zucconi* for plaintiff (*Paul M. DePascale,* Hudson County Prosecutor, attorney).

*Adam Jacobs* for defendant.

ARIEL A. RODRIGUEZ, J.S.C.

The issue presented at this sentencing hearing is whether the court has discretion to order that a custodial sentence be served on weekends when the sentence is pursuant to a negotiated or "contract" plea under *N.J.S.A.* 2C:35–12.

The procedural history is not in dispute. Defendant entered a guilty plea to count two, charging possession of marijuana (under one ounce) with intent to distribute or dispense the same while within 1000 feet of school property, in violation of *N.J. S.A.* 2C:35–5a1 and –7; in exchange, the State will move to dismiss counts one, three and four of the indictment and recommend a probationary sentence with 180 days in the county jail as a special condition. Defendant contends that the court has discretion to order that the custodial portion of the recommended sentence be served on weekends. The State argues that *N.J.S.A.* 2C:35–12 mandates that the court impose a term of imprisonment of at least 180 consecutive days. It is undisputed that defendant did not negotiate for a weekend sentence recommendation. For the following reasons, the court concludes that *N.J.S.A.* 2C:35–12 does not preclude that the sentence it is imposing on this defendant be served on weekends.

The New Jersey Code of Criminal Justice (the code), *N.J.S.A.* 2C:1–1 *et seq.,* authorizes several sentencing dispositions including: probation and a term of imprisonment not to exceed 364

days to be served as a condition of probation, *N.J.S.A.* 2C:43–2(b)(2), and imprisonment at night or on weekends, *N.J.S.A.* 2C:43–2(b)(7). These sentencing alternatives are authorized in all cases, "except as otherwise provided by this code," *N.J.S.A.* 2C:43–2(a). A conviction for the charge to which defendant has pled would normally carry a mandatory sentence of imprisonment and a minimum term of parole ineligibility ranging between one-third to one-half of the sentence or one year, whichever is greater. In this case however, defendant and the prosecutor have agreed to a lesser sentence pursuant to *N.J. S.A.* 2C:35–12, which provides that:

> Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, or a mandatory extended term which includes a period of parole ineligibility, the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence or period of parole ineligibility. The negotiated plea or post-conviction agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or other disposition. In that event, the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement.

When a mandatory sentence is thus waived the court can impose any of the sentencing alternatives listed in *N.J.S.A.* 2C:43–2(b) so long as it does not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly negotiated.

The State argues that a weekend sentence is a "lesser term of imprisonment" than that to which defendant agreed. The court disagrees. The duration of the custodial term remains the same whether it is served consecutively or on weekends. The phrase "term of imprisonment" is not defined in the code. Its ordinary meaning has been defined as "a limited or definite extent of time: the time for which something lasts: duration, tenure." *Webster's Third New International Dictionary of the English Language* (1961). Therefore, the focus of the last

sentence of *N.J.S.A.* 2C:35–7 is on the length or duration of confinement rather than the manner in which it is to be served. It is a settled rule of statutory construction that if the language chosen by the Legislature is plain and the result is not contrary to obvious legislative intent the sole function of the courts is to enforce it according to its terms. *State v. Maguire*, 84 *N.J.* 508, 528 (1980); *Caminetti v. U.S.*, 242 *U.S.* 470, 485, 37 *S.Ct.* 192, 194, 61 *L.Ed.* 442, 452 (1917); *see generally* 2A *Sutherland, Statutory Construction* (4 ed.1989), § 46.01. Courts have generally agreed that where the Legislature has "made a choice of language which fairly brings a given situation within a statute, it is unimportant that the particular application may not have been contemplated by the legislators." *Sheeran v. Nationwide Mut. Ins. Co. Inc.*, 80 *N.J.* 548, 556 (1979); *Barr v. U.S.*, 324 *U.S.* 83, 90, 65 *S.Ct.* 522, 525, 89 *L.Ed.* 765 (1945).

The code has its own principles of construction which provide that where "the language [of the code] is susceptible of differing constructions it shall be interpreted to further the general purposes" stated in *N.J.S.A.* 2C:1–2 and the special purposes of the particular provision involved. Two of the general sentencing purposes set forth in *N.J.S.A.* 2C:1–2(b)(2) and –2(b)(6) are:

(2) To promote the correction and rehabilitation of offenders;

. . . .

(6) To differentiate among offenders with a view to a just individualization in their treatment.

Defendant is employed as a construction worker. His employer has written a letter on his behalf which is incorporated in the presentence report. Confinement for 180 consecutive days will almost certainly result in loss of employment. If defendant can serve the 180 days called for in the negotiated plea agreement without losing his employment, then the general sentencing purpose of rehabilitation stated in the code will be advanced. His condition as a gainfully employed individual is a proper basis to differentiate his sentence from that of other defendants.

The court therefore concludes that neither the language of *N.J.S.A.* 2C:35–12 nor the code's legislative intent preclude, in

appropriate cases and at the court's discretion, a sentence, following a contract plea, be served during weekend periods.