SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**State v. Rene M. Rodriguez (A-80-17) (081046)**

**Argued March 12, 2019 -- Decided May 21, 2019**

**SOLOMON, J., writing for the Court.**

In these consolidated appeals, defendants were convicted of fourth-degree operating a motor vehicle during a period of license suspension for driving while intoxicated (DWI) under N.J.S.A. 2C:40-26. The issue presented is whether N.J.S.A. 2C:40-26(c) -- which prescribes a "fixed minimum" sentence of at least 180 days without parole eligibility -- overrides N.J.S.A. 2C:43-2(b)(7)'s general sentencing option, which allows a court to impose a sentence that is served "at night or on weekends with liberty to work or to participate in training or educational programs," unless otherwise provided.

All five defendants -- Rene Rodriguez, Elizabeth Colon, Eric Lowers, Stephen Nolan, and Courtney Swiderski -- appeared before the same judge and were sentenced to 180 days in the county jail, to be served intermittently. Rodriguez and Colon were ordered to serve their sentences four nights per week, while Lowers, Nolan, and Swiderski were ordered to serve their sentences on weekends.

In a consolidated opinion, the Appellate Division held that the sentencing court did not exceed its authority by imposing intermittent sentences. 454 N.J. Super. 214, 218 (App. Div. 2018). However, the panel held that defendants "must serve continuous twenty-four-hour periods [in jail] to satisfy each day of the 180-day mandated term." Ibid. The panel reasoned that an intermittent sentence does not violate the parole ineligibility term or "reduce the total time of confinement." Id. at 224-25. The panel also pointed out that N.J.S.A. 2C:40-26(c) contains no language requiring that days be served consecutively. Id. at 226. The panel reasoned that intermittent sentences would have a greater deterrent effect and relied on the rule of lenity. Id. at 231-32.

The Court granted the State's petition for certification. 234 N.J. 314 (2018).

**HELD:** An individual sentenced to a fixed minimum term of parole ineligibility under N.J.S.A. 2C:40-26(c) may not serve his or her sentence intermittently at night or on weekends pursuant to N.J.S.A. 2C:43-2(b)(7).

1

1.  The Criminal Code allows imposition of a sentence of imprisonment to be served "at night or on weekends" unless the Criminal Code provides otherwise.  N.J.S.A. 2C:43-2(a), (b)(7).  N.J.S.A. 2C:40-26 makes it a crime of the fourth degree to either:  (a) operate a motor vehicle, for the second time, during a period of license suspension for a DWI; or (b) operate a motor vehicle with a suspended license for a second or subsequent DWI.  It specifically provides that an individual convicted under either of those subsections shall be sentenced to a "<u>fixed minimum sentence</u> of not less than 180 days during which the defendant <u>shall not be eligible for parole</u>."  N.J.S.A. 2C:40-26(c) (emphases added).  The issue is whether that provision counts as providing "otherwise" within the meaning of N.J.S.A. 2C:43-2.  (pp. 12-14)

2.  Sentencing requirements for those guilty of the most serious crimes are contained in three statutory provisions calling for mandatory periods of parole ineligibility:  N.J.S.A. 2C:43-7.2(a) (for individuals convicted of certain violent offenses under the No Early Release Act (NERA)); N.J.S.A. 2C:43-6(c) and (d) (for those who arm themselves before going forth to commit crimes under the Graves Act); and N.J.S.A. 2C:43-6(f) (for those convicted of certain controlled dangerous substance (CDS) offenses).  On the other hand, when the Legislature wishes to leave the imposition of a period of parole ineligibility to the discretion of the sentencing judge, it has generally done so by clearly indicating that the court may waive the parole disqualifier or by silence.  (pp. 14-16)

3.  Because mandatory fixed periods of parole ineligibility apply to the most dangerous offenders, the Legislature chose N.J.S.A. 2C:40-26's language -- which mirrors that of the NERA, Graves Act, and CDS-offense sentencing provisions cited above -- to serve as a bar to release, even intermittently, during the period of parole ineligibility.  A finding to the contrary could allow offenders sentenced under NERA, the Graves Act, or for the most serious CDS offenses to serve their periods of parole ineligibility on nights or weekends.  That is a result the Legislature could not have intended.  What's more, the prohibition of parole necessarily dictates the prohibition of intermittent sentencing.  The Court disagrees that the Legislature's omission of the term "consecutive days" in N.J.S.A. 2C:40-26(c) evinces a legislative intent to permit intermittent sentences.  The Court does not address the Appellate Division's mandate that defendants serve their intermittent sentences in twenty-four-hour continuous periods and does not resort to extrinsic aids or consider the rule of lenity because N.J.S.A. 2C:40-26(c)'s language in this context is clear.  (pp. 16-19)

**The judgment of the Appellate Division is REVERSED and the Court remands for resentencing as to Colon and remands with leave to file motions to vacate their guilty pleas as to Lowers, Nolan, and Swiderski.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in JUSTICE SOLOMON'S opinion.**

SUPREME COURT OF NEW JERSEY

A-80 September Term 2017

081046

State of New Jersey,

Plaintiff,

v.

Rene M. Rodriguez,

Defendant.

State of New Jersey,

Plaintiff,

v.

Elizabeth A. Colon,

Defendant.

State of New Jersey,

Plaintiff-Appellant,

v.

Eric L. Lowers,

Defendant-Respondent.

1

State of New Jersey,

Plaintiff-Appellant,

v.

Stephen E. Nolan,

Defendant-Respondent.

State of New Jersey,

Plaintiff-Appellant,

v.

Courtney D. Swiderski,

Defendant-Respondent.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
454 N.J. Super. 214 (App. Div. 2018).

| Argued | Decided |
| --- | --- |
| March 12, 2019 | May 21, 2019 |

Jason Magid, Assistant Prosecutor, argued the cause for appellant (Mary Eva Colalillo, Camden County Prosecutor, attorney; Jason Magid, of counsel and on the brief).

Marissa J. Costello argued the cause for respondents Eric L. Lowers and Stephen E. Nolan (Costello & Whitmore, attorneys, Marissa J. Costello, on the letter brief).

Mark V. Oddo argued the cause for respondent Courtney D. Swiderski (DuBois, Sheehan, Hamilton, Levin & Weissman, attorneys; Mark V. Oddo, on the letter brief).

Carol M. Henderson, Assistant Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Carol M. Henderson, of counsel and on the brief).

Michele E. Friedman, Assistant Deputy Public Defender, argued the cause for amicus curiae Public Defender of New Jersey (Joseph E. Krakora, Public Defender, attorney; Michele E. Friedman, of counsel and on the brief).

JUSTICE SOLOMON delivered the opinion of the Court.

In these consolidated appeals, defendants were convicted of fourth-degree operating a motor vehicle during a period of license suspension for driving while intoxicated (DWI) under N.J.S.A. 2C:40-26. Their sentences were each to be served intermittently on nights or weekends pursuant to N.J.S.A. 2C:43-2(b)(7), which allows a court to impose a sentence that is served "at night or on weekends with liberty to work or to participate in training or educational programs," unless otherwise provided.

The issue presented in this appeal is whether N.J.S.A. 2C:40-26(c) -- which prescribes a "fixed minimum" sentence of at least 180 days without parole eligibility -- overrides N.J.S.A. 2C:43-2(b)(7)'s general sentencing option. Relying on the language chosen by the Legislature in enacting New

3

Jersey's Code of Criminal Justice (the Criminal Code or Title 2C), we conclude that an individual sentenced to a fixed minimum term of parole ineligibility under N.J.S.A. 2C:40-26(c) may not serve his or her sentence intermittently at night or on weekends pursuant to N.J.S.A. 2C:43-2(b)(7). We therefore reverse the judgment of the Appellate Division.

I.

The appellate record reveals that, in five cases, Rene Rodriguez, Elizabeth Colon, Eric Lowers, Stephen Nolan, and Courtney Swiderski (collectively, defendants) pleaded guilty to fourth-degree driving for a second time with a license suspended for DWI under N.J.S.A. 2C:40-26(a), or fourth-degree driving with a license suspended due to a second or subsequent DWI under N.J.S.A. 2C:40-26(b).[1]

Initially, three defendants -- Rodriguez, Lowers, and Swiderski -- were sentenced to 180 days in a treatment program or home detention. The Appellate Division reversed their sentences and remanded for resentencing based on State v. Harris, 439 N.J. Super. 150, 160 (App. Div. 2015), and State v. French, 437 N.J. Super. 333, 334 (App. Div. 2014) -- opinions that declared

---

[1] Lowers, Nolan, and Swiderski reserved the right to withdraw their guilty pleas in the event the State's appeal is successful.

4

illegal sentences that replace some or all of the mandatory 180-day term of imprisonment with an alternate program.

On remand, all five defendants appeared before the same judge and were sentenced to 180 days in the county jail, to be served intermittently. Rodriguez and Colon were ordered to serve their sentences four nights per week, while Lowers, Nolan, and Swiderski were ordered to serve their sentences on weekends.

The sentencing judge, in a written decision, reasoned that N.J.S.A. 2C:40-26(c) permitted an intermittent sentence under N.J.S.A. 2C:43-2(b)(7). The judge distinguished the sentences here from the illegal sentences in French and Harris, which reduced or eliminated the statutorily mandated minimum term of imprisonment. The judge explained that, with intermittent sentences, defendants here would serve the required 180 days of confinement. The judge reasoned that N.J.S.A. 2C:40-26's public safety objective would accordingly be satisfied.

The sentencing judge also highlighted the Appellate Division's holding in State v. Toussaint, 440 N.J. Super. 526, 528 (App. Div. 2015) -- that, under the rule of lenity, a judge's discretion to impose alternative sentences should be upheld unless explicitly limited by the Legislature. Because N.J.S.A.

5

2C:40-26's plain language and legislative history do not address intermittent sentences, the judge concluded that they are permitted.

On appeal, the Camden County Prosecutor's Office contended that N.J.S.A. 2C:40-26(c) implicitly mandates a continuous term of incarceration, and supersedes N.J.S.A. 2C:43-2(b)(7)'s general authorization of intermittent sentences. Both the State and amicus curiae the Attorney General argued that intermittent release is akin to parole, which N.J.S.A. 2C:40-26(c) explicitly prohibits during the minimum 180-day imprisonment term. They also contended that intermittent sentences disregard the Legislature's punitive purpose in enacting N.J.S.A. 2C:40-26 and, instead, increase the potential danger to the public.

Defendants and amicus curiae the Office of the Public Defender argued that a parole-ineligibility term is fundamentally different from, and compatible with, an intermittent sentence. Specifically, they contended that intermittent periods of release, unlike parole, do not reduce the overall period of imprisonment and therefore are consistent with N.J.S.A. 2C:40-26's legislative intent -- that the term of incarceration not be reduced. Finally, defendants and the Public Defender argued that intermittent sentences would have the same, if not greater, deterrent effect than continuous sentences.

6

The Appellate Division heard the five cases back-to-back on appeal and, in a consolidated opinion, held that the sentencing court did not exceed its authority by imposing intermittent sentences. State v. Rodriguez, 454 N.J. Super. 214, 218 (App. Div. 2018). However, the panel held that defendants "must serve continuous twenty-four-hour periods [in jail] to satisfy each day of the 180-day mandated term." Ibid.

The Appellate Division adopted the following reasoning. First, that "periodic release under an intermittent sentence is not parole," and therefore an intermittent sentence under N.J.S.A. 2C:43-2(b)(7) does not violate the parole ineligibility term mandated by N.J.S.A. 2C:40-26(c). Id. at 224. Additionally, while parole "may reduce real time in custody for a flat sentence," id. at 225, periodic release during an intermittent sentence "do[es] not reduce the total time of confinement . . . [and] simply interrupt[s] the days of custody," ibid. Therefore, "[t]he duration of [a] custodial term remains the same whether it is served consecutively or on weekends." Ibid. (second alteration in original) (quoting State v. Silva, 236 N.J. Super. 90, 92 (Law Div. 1989)). In that regard, the panel found that intermittent sentences are consistent with both French and Harris. Id. at 229-30.

The panel next rejected the State's contention that implicit in the mandate of a 180-day sentence is the requirement that the days be served

7

consecutively.  Id. at 226.  Referring to other statutes where the Legislature expressly included the term "consecutive days," the panel pointed out that N.J.S.A. 2C:40-26(c) contains no such language.  Ibid.

Although the Appellate Division found no statutory ambiguity, it nevertheless considered legislative history.  Id. at 230-31.  The panel recognized that the Legislature clearly "intended to stiffen the punishment for certain repeat offenders," which is why "[t]he statute tars offenders with criminal records, and imposes significant terms of incarceration, whether intermittent or not."  Id. at 231.  Still, the panel found no evidence in the legislative history that the Legislature intended to take a driver off the road for 180 continuous as opposed to intermittent days.  Ibid.  Instead, the panel believed that intermittent sentences, by "repeatedly remind[ing the offender] of his or her crime and its punishment," would have a greater deterrent effect.  Ibid.

Finally, the Appellate Division concluded that because extrinsic evidence does not address the issue, the rule of lenity compelled adoption of defendants' interpretation.  Id. at 232.

We granted the State's petition for certification.[2] 234 N.J. 314 (2018). The Attorney General and the Office of the Public Defender, who appeared as amici before the Appellate Division, participated as friends of this Court pursuant to Rule 1:13-9.

## II.

The parties' arguments here mirror those raised in the Appellate Division. Additionally, the State and Attorney General explain that "not eligible for parole" encompasses not only the length of the sentence, but also the intent that the person shall remain in custody until the expiration of the mandatory term. In support, the State cites State v. Webster, 383 N.J. Super. 432, 437 (App. Div. 2006), and Meyer v. State Parole Board, 345 N.J. Super. 424, 430 (App. Div. 2001), which require periods of parole disqualification to be served before any release from custody for offenses subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The State concludes by taking issue with the Appellate Division's application of Silva. The State asserts that, unlike the statute that governs the sentences here, the statute in Silva explicitly

---

[2] After the Court granted the State's petition for certification, Rodriguez opted to serve his 180-day term consecutively rather than await this Court's decision. Nevertheless, we address this appeal because it involves four other defendants, and because resolution of the issue is in the public interest.

9

allows for waiver of mandatory periods of parole ineligibility for certain offenses.

According to defendants and the Public Defender, the Legislature included the word "consecutive" in other sentencing statutes when it intended for the term of imprisonment to be served continuously. In that same vein, defendants and the Public Defender agree with the Appellate Division that Harris and French are distinguishable because those cases addressed the availability of alternatives to imprisonment that would have reduced the actual period of incarceration. They argue alternatively that if the Court disagrees, N.J.S.A. 2C:40-26's ambiguities must be resolved in their favor under the rule of lenity.

### III.

### A.

This appeal requires that we interpret sentencing provisions of our Criminal Code. "Questions related to statutory interpretation are legal ones." State v. S.B., 230 N.J. 62, 67 (2017). Thus, "[w]e review such decisions de novo, 'unconstrained by deference to the decisions of the trial court or the appellate panel.'" Ibid. (quoting State v. Grate, 220 N.J. 317, 329 (2015)).

Our de novo review requires that we "give effect to the Legislature's intent as evidenced by the 'language of [the] statute, the policy behind it,

10

concepts of reasonableness and legislative history.'" State v. Carrigan, 428 N.J. Super. 609, 618 (App. Div. 2012) (alteration in original) (quoting Johnson Mach. Co. v. Manville Sales Corp., 248 N.J. Super. 285, 304 (App. Div. 1991)); see also State v. Robinson, 217 N.J. 594, 604 (2014) ("The objective of statutory interpretation is to effectuate the intent of the Legislature.").

We begin with the statute's plain language, which is the "best indicator" of legislative intent. DiProspero v. Penn, 183 N.J. 477, 492 (2005). A statute's plain language must be construed "in context with related provisions so as to give sense to the legislation as a whole." Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018) (quoting N. Jersey Media Grp., Inc. v. Township of Lyndhurst, 229 N.J. 541, 570 (2017)). "Unless it is 'inconsistent with the manifest intent of the legislature,' or 'another or different meaning is expressly indicated,' we ascribe to the Legislature's words and phrases 'their generally accepted meaning, according to the approved usage of the language.'" Finkelman v. Nat'l Football League, 236 N.J. 280, 289 (2019) (quoting N.J.S.A. 1:1-1).

"If the plain language leads to a clear and unambiguous result, then our interpretative process is over." Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016) (quoting Richardson v. PFRS, 192 N.J. 189, 195 (2007)). However, "if there is ambiguity in the statutory language that leads to more

11

than one plausible interpretation, we may turn to extrinsic evidence, 'including legislative history, committee reports, and contemporaneous construction.'" DiProspero, 183 N.J. at 492-93 (quoting Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)). "We may also resort to extrinsic evidence if a plain reading of the statute leads to an absurd result or if the overall statutory scheme is at odds with the plain language." Id. at 493. Only when "a statutory ambiguity cannot be resolved by analysis of the relevant text and the use of extrinsic aids" does the rule of lenity require, in a criminal case, "that the ambiguity be resolved in favor of the defendant." State v. Regis, 208 N.J. 439, 451 (2011).

B.

We begin our application of the canons of statutory construction with the Criminal Code's provision governing, generally, the imposition of sentences. That provision of the Criminal Code, N.J.S.A. 2C:43-2, allows imposition of a sentence of imprisonment to be served "at night or on weekends" unless the Criminal Code provides otherwise:

> a. Except as otherwise provided by this code, all persons convicted of an offense or offenses shall be sentenced in accordance with this chapter.
>
> b. Except as provided in subsection a. of this section and subject to the applicable provisions of the code, the court may suspend the imposition of sentence on a

12

person who has been convicted of an offense, or may sentence him as follows:

> . . .

> (7) To imprisonment at night or on weekends with liberty to work or to participate in training or educational programs.

Thus, our task is to determine whether the Criminal Code requires that a sentence under N.J.S.A. 2C:40-26 be served continuously for a minimum period of 180 days.

N.J.S.A. 2C:40-26 was enacted to "create[] criminal penalties for persons whose driver's licenses are suspended for certain drunk driving offenses and who, while under suspension for those offenses, unlawfully operate a motor vehicle." Sponsor's Statement to S. 2939 2 (L. 2009, c. 333); Sponsor's Statement to A. 4303 2 (L. 2009, c. 333) (identical). To accomplish that goal, N.J.S.A. 2C:40-26 makes it a crime of the fourth degree to either: (a) operate a motor vehicle, for the second time, during a period of license suspension for a DWI; or (b) operate a motor vehicle with a suspended license for a second or subsequent DWI. Consistent with N.J.S.A. 2C:40-26's stated purpose, it specifically provides that an individual convicted under either N.J.S.A. 2C:40-26(a) or (b) shall be sentenced to a "fixed minimum sentence of not less than 180 days during which the defendant shall not be eligible for parole." N.J.S.A. 2C:40-26(c) (emphases added).

13

To ascertain whether N.J.S.A. 2C:40-26(c)'s plain language permits the imposition of sentences of imprisonment at night or on weekends under N.J.S.A. 2C:43-2(b)(7), we are required to construe N.J.S.A. 2C:40-26(c) within the context of Title 2C as a whole to determine whether it provides "otherwise." Our determination of the Legislature's intent in this regard is informed by the Criminal Code's mandatory and discretionary sentencing provisions.

Sentencing requirements for those guilty of the most serious crimes are contained in three statutory provisions calling for mandatory periods of parole ineligibility. First, NERA applies to sentences for individuals convicted of certain violent offenses, such as murder and aggravated sexual assault. N.J.S.A. 2C:43-7.2(d). To "protect the public by incapacitating the most violent and predatory offenders," Governor's Study Comm'n, Report on Parole 12 (Dec. 23, 1996), the Legislature required those violent offenders to be sentenced to "a minimum term of 85% of the sentence imposed, during which [they] shall not be eligible for parole," N.J.S.A. 2C:43-7.2(a) (emphases added). Similarly, as "a direct response to a substantial increase in violent crime in New Jersey," the Legislature enacted the Graves Act, N.J.S.A. 2C:43-6(c) and (d), "to ensure incarceration for those who arm themselves before going forth to commit crimes." State v. Des Marets, 92 N.J. 62, 68 (1983).

14

Indeed, the Graves Act states in pertinent part that the sentencing court shall impose a "<u>minimum term</u> . . . during which the defendant <u>shall be ineligible for parole</u>." N.J.S.A. 2C:43-6(c) (emphases added). The Legislature repeated the same admonition when it established a "<u>minimum term</u> . . . during which the defendant <u>shall be ineligible for parole</u>" for certain controlled dangerous substance (CDS) offenses. <u>Id.</u> § 6(f) (emphases added).

On the other hand, when the Legislature wishes to leave the imposition of a period of parole ineligibility to the discretion of the sentencing judge, it has generally done so in one of two ways. Under the first way, the Legislature clearly indicates that the court may waive the parole disqualifier set forth in the statute. <u>See, e.g.</u>, N.J.S.A. 2C:35-7(b)(1) ("[T]he court may waive or reduce the minimum term of parole ineligibility . . . ."). Alternatively, the Legislature is silent as to the imposition of a minimum term and parole ineligibility. In that case, nothing precludes the sentencing judge from imposing a discretionary period of parole ineligibility if "the court is clearly

convinced that the aggravating factors substantially outweigh the mitigating factors."[3]  N.J.S.A. 2C:43-6(b).

We agree with the State that, because mandatory fixed periods of parole ineligibility apply to the most dangerous offenders, the Legislature chose this language -- "fixed minimum sentence . . . during which the defendant shall not be eligible for parole" -- to serve as a bar to release, even intermittently, during the period of parole ineligibility.  See Carrigan, 428 N.J. Super. at 614 ("The strengthened penalty [of N.J.S.A. 2C:40-26] was legislatively prompted, at least in part, by reports of fatal or serious accidents that had been caused by recidivist offenders with multiple prior DWI violations, who nevertheless were driving with a suspended license.").  Since N.J.S.A. 2C:40-26 includes such language, no discretion is afforded to the sentencing judge, and an intermittent sentence would violate the dictates of our Criminal Code.

Said another way, N.J.S.A. 2C:43-2(b) is its own list of mutually exclusive sentencing options.  Accordingly, N.J.S.A. 2C:43-2(b)(7) is not a

---

[3]  The aggravating factors include:  the risk that the defendant will commit another offense; the extent of the defendant's prior criminal record; and the need to deter the defendant and others from violating the law.  N.J.S.A. 2C:44-1(a).  Those factors are to be balanced against the mitigating circumstances, including that:  the defendant's conduct neither caused nor threatened serious harm; the defendant has no prior criminal history; the defendant's conduct was the result of circumstances unlikely to recur; and the defendant's character and attitude indicate that he is unlikely to commit another offense.  Id. § 1(b).

16

means by which to serve a sentence imposed under another provision; it is a sentencing option in and of itself. As a result, an intermittent sentence is not available where the Legislature has otherwise provided for the specific sentence that an offender is to serve, such as we have in N.J.S.A. 2C:40-26.

Therefore, construing N.J.S.A. 2C:40-26 in the context of Title 2C's sentencing scheme, we conclude that the language of N.J.S.A. 2C:40-26(c) manifests a legislative intent to bar intermittent sentences under N.J.S.A. 2C:43-2(b)(7). The legislative choice of very specific wording regarding the custodial sentence to be imposed under N.J.S.A. 2C:40-26(c) does not permit resort to an alternative, intermittent sentence available as a general sentencing option under N.J.S.A. 2C:43-2(b)(7). N.J.S.A. 2C:40-26(c)'s wording mirrors the language utilized in other mandatory sentencing statutes for the most serious crimes.

A finding to the contrary could allow offenders sentenced under NERA, the Graves Act, or for the most serious CDS offenses to serve their periods of parole ineligibility on nights or weekends. The parties agree that allowing the most dangerous offenders -- those guilty of crimes the Legislature has found are the most serious -- to serve their sentences on nights or weekends is illogical. It is a result the Legislature could not have intended.

17

What's more, although -- as the Appellate Division concluded -- parole and intermittent sentencing are distinct concepts, the prohibition of parole necessarily dictates the prohibition of intermittent sentencing. To find otherwise would create an "absurd result." When the Legislature proscribes parole, the offender cannot be released from custody. See N.J.A.C. 10A:71-6.4 (outlining extensive conditions with which any offender granted parole must comply). During an intermittent sentence, however, an offender is given complete freedom during the time they are not incarcerated. Therefore, allowing a person convicted under N.J.S.A. 2C:40-26 the increased freedom of intermittent sentencing when the Legislature has simultaneously prohibited the regulated release of parole for the fixed minimum period of time of 180 days creates an illogical result that cannot be the intention of the Legislature.[4]

Likewise, we reject the view advanced by defendants, the Public Defender, and the Appellate Division that the Legislature's omission of the term "consecutive days" in N.J.S.A. 2C:40-26(c) evinces a legislative intent to permit intermittent sentences. The authorities cited by the parties and the panel that reference the term "consecutive days" are either outside the Criminal Code or are clearly inapposite. See, e.g., N.J.S.A. 39:4-50(a);

---

[4] It also bears mentioning that intermittent sentences undermine the deterrent effect and public safety objective of a license suspension, which runs consecutively to the term of imprisonment under N.J.S.A. 39:4-50(a).

18

N.J.S.A. 2A:4A-43(c)(1); see also N.J.S.A. 2C:7-2(a)(2) (using the term in relation to school enrollment or employment in prescribing certain sex offender registration requirements); N.J.S.A. 2C:46-2(a)(2) (governing sanctions for noncompliance with court-imposed obligations); N.J.S.A. 2C:43-8.1 (defining "seasonally leased premises").

Accordingly, we overrule the sentencing court's determination, affirmed by the Appellate Division, that individuals convicted under N.J.S.A. 2C:40-26 may serve their sentences on nights or weekends pursuant to N.J.S.A. 2C:43-2(b)(7). Indeed, the Legislature has provided otherwise. We therefore need not address the Appellate Division's mandate that defendants serve their intermittent sentences in twenty-four-hour continuous periods. Finally, because N.J.S.A. 2C:40-26(c)'s language in the context of Title 2C's sentencing regime is clear, we reach our conclusion without resort to extrinsic aids and need not consider the rule of lenity.

## IV.

For the reasons set forth above, we reverse the judgment of the Appellate Division and remand for resentencing as to Colon. As to Lowers, Nolan, and Swiderski, we remand with leave to file motions to vacate their guilty pleas.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and TIMPONE join in JUSTICE SOLOMON'S opinion.