**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3206-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PIERRE R. CRUMPLER,

    Defendant-Appellant.

_____

Submitted October 31, 2019 – Decided November 26, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-11-0740.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele E. Friedman, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Steven A. Yomtov, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Tried by a jury, defendant Pierre R. Crumpler was convicted of operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). Thereafter, the trial judge, on November 6, 2017, sentenced defendant to the minimum 180 days in county jail called for by the statute, however, he stayed the sentence pending appeal. We now affirm, and direct defendant to report to serve his sentence forthwith.

The trial record establishes the following. Defendant was stopped on July 5, 2014, while operating a truck he testified he had just repaired for his employer. The Port Authority officer who conducted the stop ran defendant's information through his vehicle's mobile data terminal, and learned that defendant's driving privileges were suspended. Defendant had been convicted for driving while intoxicated (DWI), N.J.S.A. 39:4-50, on March 27, 2012, and January 24, 2014. On the second DWI conviction, defendant's driving privileges were suspended for two years.[1]

The morning trial was scheduled to begin, counsel served notice on the prosecutor that he would assert a mistake defense—that "[there is] a good faith

---

[1] The record suggests that defendant, contemporaneous with his second DWI, was also convicted of operating a motor vehicle during a period of license suspension under a different section of the statute, N.J.S.A. 2C:40-26(a). He had just finished serving a six-month county jail sentence related to these convictions a few days before this stop.

A-3206-17T4

belief that the mistake of law or mistake of fact or both could be applicable." See N.J.S.A. 2C:2-4(c). Counsel argued that the State would suffer no prejudice if defendant raised the defense out-of-time because the State had the right to cross-examine defendant, who would have to testify in order to assert it. The State objected, pointing out that the application was untimely and that if granted it would prejudice the State because of a lack of preparation time.

The court denied the application, noting that Rule 3:12-1 requires a defendant serve written notice of affirmative defenses, including mistake, no later than seven days before the Rule 3:9-(f) pretrial conference. That date had long since passed. The judge also pointed out that only notice of the defense was provided, without any associated discovery. The judge observed that the issue was not whether prejudice would result to the State from defendant's failure to adhere to the timeline established by the rules, but whether defendant had established "good cause" for extending the time frame and the need for "such other orders as the interest of justice requires." He further found defendant's belief that his possession of a New York driver's license legitimized him driving to test the brakes on a truck he had repaired to be "not plausible, [] not credible, [] not acceptable."

The officer testified that he did not remember defendant showing him a New York driver's license. He recalled being shown a New Jersey license, and used the license identification numbers to retrieve defendant's motor vehicle history. The officer also testified that at the municipal court judge's instruction, he withdrew the summons for driving while suspended, a motor vehicle offense, and issued an arrest warrant instead.

Defendant claimed that he had never had a New Jersey driver's license, only a New York commercial license. He further testified, although not clearly, that he thought he could drive in New Jersey so long as he continued to hold a New York license. Defendant was adamant that he had never had a New Jersey driver's license. Although he remembered being in municipal court related to his DWI charges, he said he could not remember being told he could not drive in this state.

In summation, defendant's trial attorney suggested that the officer was mistaken—that if defendant had a New Jersey license, it was one obtained for identification purposes only, not for actual authorization to drive. He based the argument on the undisputed numbers on defendant's driving abstract, which was admitted into evidence, establishing that defendant's New Jersey license was for

A-3206-17T4

identification. It was undisputed that defendant held a New York commercial license.

Counsel further argued that defendant lacked the intent to drive while suspended because of his confusion regarding his privileges, given that he continued to have physical possession of his New York license. Counsel took the position that because of defendant's innocent mistake, he should be acquitted, in addition to the fact that he only drove the truck in which he was stopped in order to test the brakes he had just adjusted.

In summation, the prosecutor argued that defendant had been advised in January 2014—just months before this incident—of the fact he could not drive in New Jersey. She contended defendant was well aware that he was suspended.

Now on appeal, defendant raises the following issues:

> POINT I
> THE COURT'S REFUSAL TO PERMIT THE DEFENDANT TO SUBMIT AN UNFETTERED MISTAKE DEFENSE TO THE JURY CONSTITUTES REVERSIBLE ERROR.
>
> A.   The Court's Rationale for Preventing the Mistake Defense from Being Submitted to the Jury was Fundamentally Flawed, Because it Converted a Legal Finding into a Factual Finding and it was Overly-Broad.
>
> B.   The Court's Failure to Issue a Mistake Instruction Constitutes Reversible Error.

A-3206-17T4

POINT II

THE COURT ERRED IN FAILING TO PROHIBIT THE JURY FROM INFERRING THE DEFENDANT'S GUILT BASED ON THE ISSUANCE OF AN AFFIDAVIT FOR THE DEFENDANT'S ARREST ON THE CRIMINAL CHARGE.

POINT III

BECAUSE THE COURT'S SENTENCING RECOMMENDATION DOES NOT HAVE BINDING AUTHORITY ON THE COUNTY JAIL, THE MATTER SHOULD BE REMANDED TO THE SENTENCING COURT.[2]

I.

As we said in State v. Wickliff, 378 N.J. Super. 328 (App. Div. 2005):

[T]he Sixth Amendment allows a defendant to assert any fact that will negate a material element of a crime. N.J.S.A. 2C:2-4(a) allows a defense of ignorance or mistake as to a matter of fact or law "if the defendant reasonable arrived at the conclusion underlying the mistake" and the mistake "negatives the culpable mental state required to establish the offense. . . ." N.J.S.A. 2C:2-4(a)(1).

[Id. at 334.]

---

[2] The New Jersey Supreme Court recently held that individuals convicted under N.J.S.A. 2C:40-26 may not serve their sentences on nights or weekends pursuant to N.J.S.A. 2C:43-2(b)(7). State v. Rodriguez, 238 N.J. 105, 118 (2019). Defendant's request for a remand on this issue will be denied summarily as the Court has resolved the issue. See R. 2:11-3(e)(2).

A-3206-17T4

Mistake of fact and mistake of law defenses are "attacks on the prosecution's ability to prove the requisite mental state of the crime charged." Ibid. Whether the mistake alleged here is considered one of law or fact, it is clear defendant, despite having been formally denied the opportunity to raise it, testified regarding the defense.

Defendant said he did not understand that he was barred from driving in New Jersey even though he had a physical New York driver's license. The bulk of his testimony was his insistence that he did not believe his driving privileges in this State could be suspended since he never had a New Jersey license.

Whether or not the jury rejected defendant's narrative, it is clear that the defense of mistake was adequately developed despite not bearing the label of mistake of fact or of law. It was, in sum and substance, "an attack on the prosecution's ability to prove the requisite culpable mental state for at least one objective element of the crime." State v. Sexton, 160 N.J. 93, 99-100 (1999). Defendant was claiming he lacked the intent to drive in New Jersey while suspended because he did not think the offense was possible. Thus, assuming for the sake of argument that the judge erred, the error was harmless because defendant presented the evidence anyway, and his attorney argued the theory in closing.

A-3206-17T4

This leads us to defendant's contention that the court's failure to instruct the jury about the defense sua sponte was reversible error. Regardless of whether an instruction is requested by counsel, a trial judge has the duty to charge the jury sua sponte "if the record clearly indicates" the need for such instruction. See State v. DeNofa, 187 N.J. 24, 42 (2006). "On the other hand, if counsel does not request [an] instruction, it is only when the evidence clearly indicates the appropriateness of such a charge that the court should give it." State v. Walker, 203 N.J. 73, 87 (2010).

But here, the judge's instructions advised the jury of the elements of the offense and the requisite mental culpability, meaning the judge did not err by failing to instruct the jury specifically on the defense of mistake of fact. See State v. Drew, 383 N.J. Super. 185, 196-97 (App. Div. 2006). When the issue relates to a mistake of fact defense, the jury needs to hear an explanation of "what is required for liability to be established." Id. at 197. By giving the model jury charge for the offense itself, Model Jury Charges (Criminal), "Driving While License is Suspended or Revoked for DWI or Refusal to Submit to a Chemical Breath Test (N.J.S.A. 2C:40-26)" (rev. Apr. 11, 2016), and the requisite mental state, the judge adequately charged the jury.

Furthermore, defendant's defense was, as the judge said, not plausible. The record did not clearly indicate the need for such an instruction. Defendant testified simultaneously that he knew his driving privileges were suspended and that he did not believe he committed a crime because he still had a New York license. Defendant's own words established that he knowingly operated a motor vehicle during his second period of license suspension for DWI. Defendant has failed to establish grounds for reversal on this basis. See State v. Baum, 224 N.J. 147, 159 (2016).

## II.

Defendant also contends that the testimony regarding the issuance of an arrest warrant for the charge, absent a limiting instruction, deprived him of his constitutional due process because it improperly influenced the jury by drawing to their attention that the offense required an arrest. This fleeting reference does not constitute plain error. The prosecutor did not mention the fact that the officer withdrew the summons and issued an arrest warrant in either opening argument or summation. The impact on the proceedings, if any, would have been minimal and certainly does not constitute plain error, one having the clear capacity to lead to an unjust result. R. 2:10-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9