NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0906-19T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BRIAN HORNE,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

April 7, 2020

APPELLATE DIVISION

Argued March 11, 2020 – Decided April 7, 2020

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 18-04-0303.

Steven J. Salvati, Assistant Prosecutor, argued the cause for appellant (Charles A. Fiore, Gloucester County Prosecutor, attorney; Steven J. Salvati, on the brief).

Frank J. Hoerst, III, argued the cause for intervenor Irene Kropp.

Vincent J. Pancari argued the cause for respondent (Capizola Pancari Lapham and Fralinger, PA, attorneys, join in the brief of intervenor Irene Knopp).

The opinion of the court was delivered by

KOBLITZ, P.J.A.D.

We determine in this case of first impression that the term "child" in the spousal privilege exception means an unemancipated child. See N.J.S.A. 2A:84A-17(2)(b) and N.J.R.E. 501(2)(b). Following an altercation with his twenty-seven-year-old stepson, Matthew Farrell, defendant Brian Horne was charged with fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1). Prior to trial, the State filed a motion to compel the testimony of intervenor Irene Kropp, defendant's wife and Farrell's mother. The trial court denied the motion, and after granting leave to appeal, we now affirm.[1]

We review questions of statutory interpretation de novo. In the Matter of H.D., ___ N.J. ___, ___ (2020) (slip op. at 7). "Our review, however, must follow the well-settled rules of statutory construction to 'determine and give effect to the Legislature's intent.'" Ibid. (quoting DYFS v. A.L., 213 N.J. 1, 20 (2013)). "Generally, 'the best indicator of that intent is the plain language

_____

[1] We also grant the intervenor's motion to exclude the seventy-page submission of documents provided by the State to furnish a "background" as this evidence was not presented to the trial court and no motion to supplement the record was filed. See R. 2:5-4(a); Liberty Surplus Ins. Co. v. Nowell Amoroso, P.A., 189 N.J. 436, 452 (2007) ("Our appellate courts will not ordinarily consider evidentiary material that is not in the record below.").

A-0906-19T1

chosen by the Legislature.'" Ibid. (quoting State v. Frye, 217 N.J. 566, 575 (2014)). "We will not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Ibid. (alteration in original) (quoting State in Interest of K.O., 217 N.J. 83, 91-92 (2014)).

"[I]f the plain language is ambiguous, [we] will look to extrinsic evidence, including 'legislative history and relevant canons of statutory construction,' to determine the Legislature's intent." Id. at 7-8 (citation omitted) (quoting State v. Shelley, 205 N.J. 320, 325 (2011)).

The State argues that the trial court erred in finding that the "spousal privilege" exception did not apply in this case. The State asserts that the "plain language of the statute and rule are clear and unambiguous: the 'spousal privilege' does not apply when the accused is charged with offenses against a child of the spouse." The State asserts that there is no dispute that Farrell is Kropp's son and Kropp is married to defendant, therefore, the spousal privilege should not apply in this case.

The spousal privilege, codified in 1960 and amended in 2006 to include "one partner in a civil union couple," provides:

> The spouse or one partner in a civil union couple of the accused in a criminal action shall not testify in

A-0906-19T1

such action except to prove the fact of marriage or civil union unless (a) such spouse or partner consents, or (b) the accused is charged with an offense against the spouse or partner, <u>a child of the accused or of the spouse or partner, or a child to whom the accused or the spouse or partner stands in the place of a parent</u>, or (c) such spouse or partner is the complainant.

[N.J.S.A. 2A:84A-17(2); N.J.R.E. 501(2) (emphasis added).]

Referencing statutes enacted well after 1960, the State asserts that "the Legislature declined to define 'child' in the spousal privilege, despite clearly recognizing their ability to do so in other statutes." <u>See</u> N.J.S.A. 2C:24-4(b)(1) (enacted in 1978 and defining "child" as "any person under [eighteen] years of age" for the crime of endangering the welfare of a child); N.J.S.A. 2C:13-6(b) (enacted in 1993 and defining "child" as "a person less than [eighteen] years old" for the crime of luring or enticing a child). The 1960 version of the endangering the welfare of a child statute does not define a "child." N.J.S.A. 2A:96-2 (repealed by L. 1978, c. 95, § 2C:98-2, eff. Sept. 1, 1979). No version of the luring and enticing children statute existed in 1960. A criminal statute related to the hiring, employing or use of a child in connection with the sale or transport of illegal drugs, in effect from 1952 to 1986, referred to "any child under the age of eighteen years." N.J.S.A. 2A:96-5 (repealed by L. 1987, c. 106, § 25, eff. July 9, 1987). The legislative history

4

is not helpful in determining the meaning of "child" in the spousal privilege exception.

Our Supreme Court has stated that "the spousal privilege is intended to protect the sanctity and tranquility of marriage from the negative consequences which are 'presumed to attend the compelled condemnation of one spouse by another in a criminal proceeding.'" State v. Mauti, 208 N.J. 519, 534 (2012) (quoting State v. Baluch, 341 N.J. Super. 141, 171 (App. Div. 2001)). An exception to the privilege is when the accused is charged with an offense against "a child of the accused or of the spouse or partner, or a child to whom the accused or the spouse or partner stands in the place of a parent." N.J.S.A. 2A:84A-17(2)(b). The purpose of the exception is to protect children, even at the expense of marital harmony, by requiring parents to testify truthfully when called by the State in those instances where a dependent child is the victim. See United States v. Allery, 526 F.2d 1362, 1366 (8th Cir. 1975) ("[A] serious crime against a child is an offense against that family harmony and to society as well. . . . [W]e note the necessity for parental testimony in prosecutions for child abuse.").

"A statute's plain language must be construed 'in context with related provisions so as to give sense to the legislation as a whole.'" State v.

Rodriguez, 238 N.J. 105, 113 (2019) (quoting Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018)).  We need not look beyond the plain wording of this statute.  The meaning of "child" becomes clear from the phrase that follows in the same section.  The second phrase includes: "a child to whom the accused or the spouse or partner stands in the place of a parent."  N.J.S.A. 2A:84A-17(2)(b).  Someone stands in the place of a parent to an unemancipated child, not an emancipated adult.

"Parents have a legal duty to support their children from birth until emancipation, 'which presumptively occurs when the child reaches the age of majority.'"  D.W. v. R.W., 212 N.J. 232, 246 (2012) (quoting R.A.C. v. P.J.S., Jr., 192 N.J. 81, 94 (2007)).  Majority occurs at age eighteen.  N.J.S.A. 9:17B-3. A child becomes emancipated "when the fundamental dependent relationship between parent and child is concluded, the parent relinquishes the right to custody and is relieved of the burden of support, and the child is no longer entitled to support."  Filippone v. Lee, 304 N.J. Super. 301, 308 (App. Div. 1997).  While there is a rebuttable presumption that the child reaches emancipation at age eighteen, the "essential inquiry is whether the child has moved 'beyond the sphere of influence and responsibility exercised by a parent

and obtains an independent status of his or her own.'" Ibid. (quoting Bishop v. Bishop, 287 N.J. Super. 593, 598 (Ch. Div. 1995)).

The meaning of child must have the same meaning in both portions of the same section of the same statute. We thus hold that "child" in the spousal privilege exception, codified in N.J.S.A. 2A:84A-17(2)(b) and set forth in N.J.R.E. 501(2)(b), means an unemancipated child.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION